**James E. BRAY, Appellant,**

**v.**

**W.H. JORDAN, Jr., and W.H. Jordan, Jr., P.C., Appellees.**

**No. 08–90–00079–CV.**

Court of Appeals of Texas, El Paso.

Sept. 5, 1990.

Marcus E. Faubion, Houston, for appellant.

John P. Venzke, Gustafson & Venzke, Houston, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

The unpublished opinion dated August 8, 1990, is set aside, and the Court substitutes the following opinion.

Appellant has taken us to task for a previous unpublished opinion that did not answer each and every issue he has raised in his brief. His basic complaints result from the fact that he lost his lawsuit before a jury. The judge that presided over the entire trial believed that the evidence supported the jury verdict and, therefore, entered judgment for Appellees. We still maintain that the judgment be affirmed.

## FACTS

This lawsuit was initiated by Appellee Jordan, an attorney, who sued his former client, Appellant Bray, for unpaid legal fees. The legal fees were for representation of Bray in two different lawsuits (consolidated for trial). This lawsuit for unpaid legal fees triggered a counterclaim by Bray for damages alleging that Appellee Jordan had been guilty of legal malpractice in his representation of Appellant Bray. He also alleged breach of contract by Appellee Jordan.

## POINTS OF ERROR

Point of Error No. One asserts the trial court erred in entering judgment on the jury's answer to question number three because the answers were against the great weight and preponderance of the evidence.

Jury question number three concerned Appellant's acts of negligence assertions against attorney Jordan in which Appellant had the burden of proving by a preponderance of credible testimony. Question number three set forth fourteen claimed acts of negligence during Appellee Jordan's representation of Appellant Bray in the previous litigation.

When considering a great weight and preponderance of the evidence point of error, we must consider all of the evidence including that which is contrary to the ver-

dict. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). If we determine the verdict is against the great weight and preponderance of the evidence, we must detail the evidence which forces that conclusion. *Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex.1986).

■ Appellant went to the jury with question number three, asking them to determine by a preponderance of the evidence if Appellee attorney was guilty of negligence in the prior lawsuit insofar as (1) being unprepared for depositions; (2) being unprepared for trial; (3) pleading a "loan"; (4) giving advise of "loan" versus "investment"; (5) not disclosing settlement offers; (6) advising to sue on a $20,000.00 transaction; (7) filing an inadequate Lis Pendens; (8) failing to sue to perfect interest in land; (9) dismissing the suit as to Robert Pults; (10) failing to depose Robert Pults; (11) failing to sue Bray's Bank; (12) failing to depose John McNeely; (13) dismissing suit as to John McNeely; and (14) failing to require production of documents. Appellant's theories were submitted in a broad form submission with a blank beside each act complained about for the jury to answer "Yes" or "No". The jury answered each of the above fourteen acts of claimed negligence "NO". The jury in effect found that Appellant had failed to carry his burden of proving the fact by a preponderance of the evidence that his attorney committed acts of legal malpractice. Evidence was not necessary to support a negative answer and we cannot say that there was negligence as a matter of law. *Prunty v. Post Oak Bank,* 493 S.W.2d 645 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.).

■ Both sides had expert testimony. Evidence conflicted leaving the credibility of the witnesses and the weight to be given their testimony for the jury. In such a situation, this Court must accept the jury's answers as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947). *P.T. & E. Company v. Beasley,* 698 S.W.2d 190 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.). There was sufficient competent evidence of probative force to support the findings of the

jury and, therefore, those findings must be sustained. *Carrasco v. Goatcher,* 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ).

Point of Error No. One is overruled.

Point of Error No. Two asserts the trial court erred in entering judgment based on the jury's answer to question numbers five and six because the answers were against the great weight and preponderance of the evidence.

Point of Error No. Three asserts that since there was a breach of contract by the Appellee, the trial court erred in entering judgment on the jury finding that Appellee was entitled to unpaid attorney's fees.

Jury question number five was Appellant's breach of contract issue which was answered "No". Having failed to find a breach of contract, the jury did not answer question number six (as to whether Appellant had been damaged) since it was a conditionally submitted issue and was only to be answered if the jury found a breach of contract. Question numbers seven and eight pertained to the amount of damages suffered if the contract had been breached, and what amount of attorney's fees should be awarded Appellant.

■ Appellant claimed that Appellees breached the oral contract of employment. The jury disagreed; thereby, Appellant failed to meet his burden of proof. *Prunty v. Post Oak Bank,* 493 S.W.2d 645. We believe that the trial court did his best to fairly and properly submit the controversial matters in the case, but the contract related issues (questions numbers four, five, six, seven and eight) should not have been submitted. This is because legal malpractice is a tort action. *Pham v. Nguyen,* 763 S.W.2d 467 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

Points of Error Nos. Two and Three are overruled.

■ Point of Error No. Four asserts the trial court erred in rendering its judgment on the jury answers to question numbers three and five because their verdict was

based on intentional misstatements of law by Jordan and Forlano.

Points of Error Nos. Five, Six and Seven complain of the trial court's entering of judgment in favor of Appellees for the past unpaid attorney's fees and for attorney's fees awarded Appellees as a result of the present action.

The evidence before the jury was conflicting. Appellee testified that the entire matter of attorney's fees, including increases in the fees, was discussed and approved by his former client, the Appellant. The Appellant's testimony does not support Appellee Jordan's testimony that there was an agreement as to attorney's fees. The jury resolved this conflict in Appellee Jordan's favor and the trial judge properly entered judgment on the findings.

Points of Error Nos. Four, Five, Six and Seven are overruled.

We affirm the judgment of the trial court.