JUDWIN PROPERTIES, INC., Appellant,

v.

GRIGGS AND HARRISON, a
Professional Corporation,
Appellee.

No. 01–95–00381–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 9, 1995.

Thomas Kirkendall, Michael C. Falick, Houston, for Appellant.

Michael A. Hirsch, Houston, for Appellee.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Griggs & Harrison (Griggs). We affirm the judgment for the breach of contract, breach of implied warranty, and breach of fiduciary claims, and reverse the judgment for the negligence and gross negligence claims.

### Summary of Facts

Tenants of the Edgebrook Apartments complained to the owner, Judwin Properties, Inc. (Judwin), appellant, of exposure to a termiticide known as chlordane. When litigation ensued, Judwin had a general liability policy with Reliance Insurance Company. Judwin demanded a defense and coverage, but Reliance refused to respond to either provide or deny coverage. As a result, Judwin retained the services of Griggs to defend it in the "chlordane" lawsuits, while still maintaining that Reliance owed it coverage. When Judwin refused to pay Griggs for its services, Griggs brought suit against Judwin Properties and Reliance Insurance for recovery of attorneys fees due, approximately $56,000.[1]

In its petition, Griggs attached the hourly fee statements that described the nature and extent of the services performed for Judwin. Judwin filed a counterclaim against Griggs alleging that the statement of services Griggs attached to its petition contained confidential and privileged information concerning Griggs' representation of Judwin. Because Judwin was still involved in a number of lawsuits involving chlordane, Judwin alleged this public disclosure resulted in immediate and irreparable harm to it because the statements disclosed litigation strategy and other privileged communications.

Additionally, Judwin included two paragraphs in its counterclaim that demonstrated that Judwin contemplated additional claims to be asserted against Griggs. Paragraph six reads, "Judwin reserves the right to Amend the Original Answer, including the assertion of counterclaims and additional affirmative defenses." Paragraph seven reads, "Judwin requests that judgment be entered in its favor on all claims alleged by Plaintiff ... and that Judwin recover damages by reason of the counterclaims asserted against Griggs & Harrison...."

---

1. Because Judwin maintained throughout the lawsuit that Reliance was obligated for the payment of the legal fees, Griggs sued Reliance, as well, as a third party beneficiary of the Judwin/Reliance insurance contract. Griggs settled with and dismissed its claims against Reliance, and contemporaneously dismissed its action against Judwin. The only claim that remained at issue was Judwin's counterclaim against Griggs. Accordingly, Reliance is not a party to this suit.

In response to Judwin's counterclaim, Griggs filed a motion for summary judgment, alleging, "This Motion for Summary Judgment is limited to, and made upon one legal issue, only: the claim(s) of Judwin made for recovery of damages which are remote, contingent, and speculative; G & H reserves unto itself and intends the active defense of Judwin's claim(s) upon additional bases in law." Griggs also asserted that it was entitled to summary judgment because it conclusively negated the element of damages in each cause of action by showing that while Judwin claimed it sustained damages, it did not show any connection of cause and effect, and was only able (at best) to speculate as to any damages amount. In support of its motion, Griggs relied on the pleadings on file, and Judwin's responses to interrogatories.

Before the summary judgment hearing, Judwin amended its original counterclaim alleging the same facts which supported its original counterclaim and added that Griggs' conduct constituted a breach of contract, breach of implied warranty, breach of fiduciary duty, negligence (legal malpractice), and gross negligence. Under each of the headings, Judwin laid out an identical set of acts that it claimed caused it damages.

In its response to Griggs' motion for summary judgment, Judwin asserted that as to each cause of action, it created an issue of fact on the damages element. Judwin relied on an affidavit from its president, Jerold Winograd, and its supplemental answers to Griggs' interrogatories as its summary judgment proof. The trial court found that Griggs was entitled to judgment as a matter of law on all causes of action asserted by Judwin in its amended counterclaim. From this, Judwin appealed.

In its first point of error, Judwin contends that the judgment of the trial court should be reversed on Judwin's claims for breach of implied warranty, breach of fiduciary duty, and negligence because Griggs did not address these claims in its motion for summary judgment. In its second point of error, Judwin contends the judgment of the trial court should be reversed because Griggs did not conclusively disprove the damage elements of each of Judwin's causes of action as a matter of law.

**Standard of Review for Summary Judgment**

In a summary judgment proceeding brought by a defendant,[2] the movant-defendant must present summary judgment proof establishing, as a matter of law, that there is no genuine issue of material fact on one or more of the essential elements of the plaintiff's cause of action. *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 774 (Tex.1995); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant-defendant may accomplish this by offering summary judgment evidence showing that at least one element of nonmovant's cause of action has been established conclusively against the nonmovant. *Union Pump Co.*, 898 S.W.2d at 774. It is not necessary for the movant-defendant to disprove all elements of the nonmovant's cause of action; rather, if a movant-defendant can disprove any one of the essential elements, then the court should render summary judgment for that movant-defendant. *Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32, 36 (Tex.App.—Houston [1st Dist.] 1993, no writ). If the movant-defendant negates one or more of the essential components of the nonmovant's causes of action, the burden is on the nonmovant to produce controverting evidence raising a fact issue as to the elements negated. *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). However, if the movant-defendant's summary judgment proof does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of each of the nonmovant's causes of action, then the nonmovant does not have the burden, to avoid summary judgment, of going forward with summary judgment proof of like quality. *Swilley v. Hughes*, 488 S.W.2d 64, 67–68 (Tex.1972). On appeal, evidence favorable to the nonmovant will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its

---

2. As a result of Judwin's counterclaim, Griggs becomes a counter-defendant, and therefore the "defendant" burden of proof for summary judgments applies.

favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).

We consider each of the points of error in light of this standard.

**Analysis**

■ In point of error one, Judwin contends that the judgment of the trial court should be reversed on its claims for breach of implied warranty, breach of fiduciary duty, and negligence because Griggs did not address these claims in its motion for summary judgment. Upon examining the original counterclaim, the motion for summary judgment, and the amended counterclaim, we hold that Griggs' motion for summary judgment contemplated all causes of action set out in Judwin's amended counterclaim.

Judwin argues that at the time Griggs moved for summary judgment, the only claim asserted by Judwin was a claim Griggs characterized in its motion for summary judgment as a breach of contract. Because Griggs did not amend its motion for summary judgment, Judwin argues Griggs did not seek summary judgment on Judwin's newly asserted causes of action.

Judwin relies on *Rose v. Kober Financial Corp.,* 874 S.W.2d 358 (Tex.App.—Houston [14th Dist.] 1994, no writ). In that case, the plaintiff, Philip Rose, initially filed suit against Kober solely under the Deceptive Trade Practices Consumer Protection Act. *Id.* When Kober moved for summary judgment on Rose's pleading, Rose amended his petition to assert additional causes of action for breach of contract, breach of fiduciary duty, misrepresentation, and negligence. *Id.* at 360. Kober did not amend its motion for summary judgment to address these causes of action. *Id.* Although the trial court granted summary judgment as to all causes of action, the appellate court held that since Kober had not amended its motion for summary judgment to address Rose's four additional causes of action, "the trial court erred in attempting to enter an all inclusive final summary judgment." *Id.* at 362. Arguing that the *Rose* case is factually similar, Judwin requests this Court to reverse the summary judgment on the causes of action not addressed in Griggs' summary judgment.

Griggs argues that the *Rose* decision would be on point but for the fact that its motion for summary judgment was made clearly upon the *"claim(s)"* asserted in Judwin's counterclaim which were contemplated and comprehended by the amended counterclaim. Moreover, Griggs argues that Judwin's original counterclaim made factual pleadings without clearly delineating each cause of action which it contemplated by those pleadings. Griggs refers to paragraph eight and nine of Judwin's original counterclaim:

8. G & H [Griggs] has attached to the Original Petition filed with this Court copies of G & H's statement of services rendered and expenses incurred that were previously transmitted to Judwin. These statements detail the legal services provided by G & H to Judwin in the chlordane lawsuits. G & H's statements contain confidential and privileged information concerning G & H's representation of Judwin in the chlordane lawsuits. Judwin never authorized G & H to disclose these confidential attorney-client communications publicly nor are these communications reasonably necessary to recover the claims asserted by G & H in this case.

9. The public disclosure of G & H's statements has resulted in immediate and irreparable harm to Judwin. Judwin is still embroiled in multiple, complex litigation matters related to chlordane lawsuits. The statements disclose litigation strategy and other privileged communications that have resulted in prejudice to Judwin's position in the pending lawsuits.

As a result, Griggs filed its motion for summary judgment with respect to the legal causes of action that were alleged under those factual allegations and which were ultimately clarified by Judwin's amended counterclaim. "This Motion for Summary Judgment is limited to, and made upon one legal issue, only: the *claim(s)* of Judwin made for recovery of damages which are remote, contingent, and speculative; G & H reserves unto itself and intends the active defense of Judwin's claim(s) upon additional bases in law." (Emphasis added). Accordingly, Griggs argues that its motion for summary judgment was, as it stated, on Judwin's

"claim(s)," all of which were before the court when it ruled on its motion for summary judgment.

■ We are not persuaded by Judwin that this case is factually similar to *Rose*. There was no single cause of action plead in Judwin's original counterclaim as such; rather, factual allegations of damages were made that were, on their face, couched in tort, contract, and breach of fiduciary duty. We hold that the causes of action eventually specified in Judwin's amended counterclaim were contemplated by Griggs' motion for summary judgment. Further, after Judwin amended its counterclaim and filed its response to Griggs' motion for summary judgment, Judwin should have specially excepted, asserting that the grounds relied on by the movant were unclear or ambiguous. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993). "Such an exception should be lodged to ensure that the parties, as well as the trial court are focused on the same grounds." *Id.* at 343. If the nonmovant fails to except, he loses his right to have the grounds for summary judgment narrowly focused. *Id.* This leaves the appellate court to determine the grounds it believes were expressly presented in the summary judgment. *Id.*

After reviewing Griggs' motion for summary judgment, we hold that Griggs was asserting it was entitled to summary judgment on the grounds that Judwin could not "draw any connection of cause and effect, and likewise, refuse[d] to quantify what is its supposed immediate harm" as to all contemplated claims in Judwin's original counterclaim eventually clarified in Judwin's amended counterclaim. Therefore, if Griggs showed in its motion for summary judgment that Judwin did not sustain damages as a result of Griggs' conduct as a matter of law, the summary judgment was proper.

We overrule Judwin's first point of error.

In point of error two, Judwin argues the judgment of the trial court should be reversed because Griggs did not conclusively disprove the damages element of each of Judwin's causes of action. Judwin argues that Griggs' summary judgment proof was not competent, and alternatively that Judwin came forward with sufficient proof of its own as to the damages sustained to raise a fact issue.

To be entitled to summary judgment, Griggs was required to conclusively establish that no fact issue existed as to at least one essential element of each cause of action, specifically here as to damages. *Union Pump Co.*, 898 S.W.2d at 774. Griggs relied, among other things, on two categories of evidence in its motion for summary judgment: (1) Judwin's original counterclaim (attached to Griggs' motion as Exhibit A), and (2) Judwin's answers to Griggs' interrogatories (attached to Griggs' motion as Exhibit B).

■ The proper scope for a trial court's review of evidence for a summary judgment encompasses all evidence on file at the time of the hearing or filed after the hearing and before judgment with the permission of the court. Tex.R.Civ.P. 166a(c); *Gandara v. Novasad*, 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ).

■ Judwin argues that even if the pleadings were appropriate evidence, at the time the motion for summary judgment was presented to the trial court, Judwin's amended counterclaim was on file with the court, so the original counterclaim was no longer the "live" pleading, and therefore was not to be considered part of the case. We disagree. As noted above, Judwin's original counterclaim contemplated causes of action that would later be specified in an amended counterclaim. Accordingly, we hold that it was not improper for the trial court to consider Judwin's original counterclaim to support Griggs' motion for summary judgment. Tex. R.Civ.P. 166a(c).

■ Judwin also argues that because the only answers to interrogatories on file at the time Griggs filed its motion for summary judgment were Judwin's first set of answers, it was improper for the trial court to consider Judwin's supplemental answers to interrogatories which were not filed until after Griggs filed its motion for summary judgment. Because the supplemental answers were on file before the court before it rendered summary

judgment, the trial court was correct to consider them as evidence. Tex.R.Civ.P. 166a(c); *Gandara*, 752 S.W.2d at 743. Further, Griggs referenced the supplemental answers in its motion for summary judgment, acknowledging that Judwin was under a court order to supplement its answers to the interrogatories. As such, the court properly considered Judwin's supplemental answers on file as proof of the grounds for summary judgment presented in Griggs' motion.

 Judwin argues that the counterclaims were not proper evidence because pleadings do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Pleadings may be used as summary judgment evidence when they contain statements rising to the level of admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery. *Hill v. Steinberger*, 827 S.W.2d 58, 61 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Highlands Ins. Co. v. Currey*, 773 S.W.2d 750, 755 (Tex.App.—Houston [14th Dist.] 1989, no writ).

After reviewing both the original and amended counterclaims, these pleadings do not contain information therein which constitutes a "judicial admission." Judwin asserts in the original counterclaim that "the public disclosure of G & H's statements has resulted in immediate and irreparable harm to Judwin." In the amended counterclaim, Judwin states, "[t]he public disclosure of G & H's statements has caused and will continue to cause significant harm to Judwin." Griggs argues these statements operate as judicial admissions, demonstrating that Judwin has filed its claim merely hoping for demonstrable damages, without the ability to show any actual injury. These statements do not rise to the level of a judicial admission. We hold that in this case, the pleadings were not proper summary judgment evidence.

Griggs relies on Judwin's first set of answers and the supplemental answers to its interrogatories as conclusive proof to negate that Judwin sustained damages. For the causes of action of breach of contract, breach of implied warranty and breach of fiduciary duty, Judwin asserts, "As a result of G & H's

breach, Judwin has suffered damages.... Judwin has been damaged in the chlordane lawsuits by G & H's breach and seeks damages, both past and future caused by G & H's wrongful conduct." As to the negligence cause of action, Judwin asserts, "As a result of G & H's negligence, Judwin has been damaged in the chlordane lawsuits by G & H's conduct and seeks damages, both past and future caused by G & H's wrongful conduct." Judwin alleges that Griggs' wrongful disclosure of confidential information diminished the value of Griggs' services.

As evidence to negate the element of damages, Griggs relies specifically on Judwin's supplemental answers to interrogatories questions number 9, 10 and 12.

Interrogatory number 9:

Please state the nature and extent, by dollar amount, all damages claimed by Judwin to have been occasioned by G & H to Judwin, known by Judwin at this time, as well as believed by Judwin to accrue after this time, from the alleged unauthorized and illegal disclosures of privileged and/or confidential matter and/or information.

Answer: While the full extent of the damage caused by the wrongful conduct of Griggs & Harrison has not yet been calculated at this time, Judwin has sustained significant damage as a result of the conduct of Griggs & Harrison and its counsel. *Specifically, the wrongful disclosure of privileged information has weakened Judwin's ability to defend and/or settle the existing chlordane cases, and will weaken Judwin's ability to defend and/or settle any chlordane cases filed in the future.* The various wrongful disclosures essentially provide current Plaintiffs' counsel and any future Plaintiffs' counsel in the chlordane cases with an outline of the defensive strategy utilized by Judwin and its then counsel Griggs & Harrison. The disclosure also [sic] identify and discuss in detail the relationship between Judwin and its insurer, Reliance Insurance Company. *As a result, Judwin claims present damages in the amount of $5,000,000.00.*

(Emphasis added.)

Interrogatory number 10:

Please state the total and maximum amount of actual damages, if any, you seek to recover from Plaintiff in this lawsuit and include in your Answer each element and amount of damages included within that total.

Answer: Judwin seeks to recover all amounts it will be required to incur and/or pay in kind, as a result of the wrongful conduct of Griggs & Harrison. Without limiting the foregoing, Judwin seeks to recover its future and past attorney's fees and those amounts of additional damages (both actual and punitive) which might be incurred by Judwin as a result of the wrongful disclosure. These amounts may vary as additional information becomes available. *However, at this time, Judwin claims present damages in the amount of $5,000,000.00.*

(Emphasis added.)

. . . . .

Interrogatory number 12:

Please state each incident of prejudice to the financial interests, i.e., damages, claimed by Judwin to have resulted from the alleged disclosure of privileged and/or confidential communications by G & H, and in doing so, state when, how, and in what manner, the alleged disclosure of privileged or confidential communications have resulted in prejudice to Judwin's position in any pending lawsuits.

Answer: While the full extent of the damage caused by the wrongful conduct of Griggs & Harrison has not yet been calculated at this time, Judwin has sustained significant damage as a result of the conduct of Griggs & Harrison and its counsel. *Specifically, the wrongful disclosure of privileged information has weakened Judwin's ability to defend and/or settle the existing chlordane cases, and will weaken Judwin's ability to defend and/or settle any chlordane cases filed in the future.* The various wrongful disclosures essentially provide current Plaintiff's counsel and any future Plaintiff's counsel in the chlordane cases with an outline of the defensive strategy utilized by Judwin and its then counsel Griggs & Harrison. The disclo-

sures also identify and discuss in detail the relationship between Judwin and its insurer, Reliance Insurance Company.

(Emphasis added).

Griggs argues that these responses contradict Judwin's assertions in its pleadings that the harm Judwin suffered is "immediate and irreparable." Griggs argues that these answers demonstrate that Judwin's damages are speculative, and Judwin cannot with specificity state what its damages are or identify the causal connection between Griggs' conduct and Judwin's damages. Further, Griggs argues that because Judwin's alleged damages are prospective and anticipated rather than real and present, Judwin cannot show it suffered any actual injury as a result of Griggs' conduct. Relying on this summary judgment evidence, Griggs asserts it has conclusively negated the damages element as to all of Judwin's causes of action.

In its amended counterclaim, Judwin sets out five causes of action: breach of contract, breach of implied warranty, breach of fiduciary duty, negligence (legal malpractice), and gross negligence. Under the headings of breach of contract, breach of implied warranty and breach of fiduciary duty, Judwin lays out an identical set of alleged acts that it claims caused it damages and alleges, "As a result of G & H's breach, Judwin has suffered damages. Specifically, since G & H failed to perform its obligations under the contract, Judwin seeks reimbursement for all attorneys' fees paid to G & H by Judwin. In addition, Judwin has been damaged in the chlordane lawsuits by G & H's breach and seeks damages, both past and future caused by G & H's wrongful conduct."

Under the negligence heading, Judwin relies on the same set of alleged acts as above, and alleges, "As a result of G & H's negligence, Judwin has been damaged in the chlordane lawsuits by G & H's conduct and seeks damages, both past and future caused by G & H's wrongful acts." And finally, as to gross negligence, Judwin alleges that G & H's conduct was grossly negligent and is a proximate cause of Judwin's injury. As such, Judwin seeks exemplary damages in addition

to any amount of its actual damages. Judwin also seeks exemplary damages for the breach of fiduciary duty owed to Judwin by Griggs.

*Breach of Contract*

 Judwin's attempts to label this action as a breach of contract are unavailing. It is well established under Texas law that suits for legal malpractice are in the nature of a tort action. *Pham v. Nguyen,* 763 S.W.2d 467, 469 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Gabel v. Sandoval,* 648 S.W.2d 398 (Tex.App.—San Antonio 1983, writ dism'd); *Woodburn v. Turley,* 625 F.2d 589, 592 (5th Cir.1980).

In *Bray v. Jordan,* 796 S.W.2d 296, 298 (Tex.App.—El Paso 1990, no writ), the plaintiff asserted that his attorney had breached an oral contract of employment. Following *Pham,* the court of appeals found that the contract issue should not have been submitted to the jury, "because legal malpractice is a tort action." *Id.*

In *Jampole v. Matthews,* 857 S.W.2d 57, 61 (Tex.App.—Houston [1st Dist.] 1993, writ denied), this Court recognized a cause of action for breach of contract independent of a legal malpractice claim. That case, however, limited this distinction to actions against attorneys for excessive legal fees.

> We distinguish ... between an action for negligent legal malpractice and one for fraud allegedly committed by an attorney relating to the establishing and charging of fees for services. Similarly, we distinguish between an action for negligent legal malpractice and one for breach of contract relating to excessive fees for services.

*Id.*

 We agree that an action arising from disputed legal fees sounds in contract and should carry the applicable contract statute of limitations period. Presumably, in an action concerning excessive legal fees, the attorney has completed his services. Afterwards, a dispute may arise as to the amount due the attorney under the agreement originally negotiated by the parties. In the present case, however, Judwin bases all of its causes of action on Griggs' public disclosure of confidential information in its statement of services rendered and expenses incurred to

Judwin during the chlordane litigation. Judwin's claims are therefore in the nature of a tort action (malpractice), as opposed to contract (disputed legal fees). Since Judwin's claims are for tort, the breach of contract claim fails as a matter of law.

*Breach of Implied Warranty*

Judwin's cause of action for breach of implied warranty fails because it is a means to an end to assert legal malpractice. Judwin asserts that as a result of Griggs' failure to perform its contractual obligations, Griggs breached the implied warranty to perform good legal services. In *American Medical Elecs. v. Korn,* 819 S.W.2d 573 (Tex.App.—Dallas 1991, writ denied), the plaintiff asserted his attorney had breached his implied warranty based on their oral contract. The court held that "a cause of action for legal malpractice is in the nature of a tort," so the malpractice claim was governed by limitations applicable to the tort of malpractice rather than a longer period for breach of contract. *Id.* at 576; *see also Mackie v. McKenzie,* 900 S.W.2d 445, 451 (Tex.App.—Texarkana 1995, no writ). Just as the breach of contract claim must fail, so must this claim.

*Breach of Fiduciary Duty*

 Judwin's cause of action for breach of fiduciary duty fails because it is also a means to an end to assert legal malpractice. The attorney-client relationship is highly fiduciary in nature. *O'Dowd v. Johnson,* 666 S.W.2d 619, 621 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This relationship carries the utmost good faith. *State v. Baker,* 539 S.W.2d 367, 374 (Tex.Civ. App.—Austin 1976, writ ref'd n.r.e.). A cause of action for breach of fiduciary duty in Texas refers to unfairness in the contract, and the burden of showing fairness is on the attorney. *Archer v. Griffith,* 390 S.W.2d 735, 739–40 (Tex.1965); *Ames v. Putz,* 495 S.W.2d 581, 583 (Tex.Civ.App.—Eastland 1973, writ ref'd). Unless the client raises the issue of unfairness or inequitable conduct, however, the presumption of unfairness will not arise. *Giao v. Smith,* 714 S.W.2d 144, 147 (Tex. App.—Houston [1st Dist.] 1986, no writ);

*Plummer v. Bradford*, 395 S.W.2d 856, 861 (Tex.Civ.App.—Houston 1965, no writ).

Judwin alleges in its counterclaim that Griggs disclosed confidential and privileged information concerning Griggs' representation of Judwin in the chlordane lawsuits, and this breached the fiduciary relationship. A transaction is unfair if the fiduciary significantly benefits from it at the expense of the beneficiary as viewed in light of circumstances existing at the time of the transaction. *Miller v. Miller*, 700 S.W.2d 941, 947 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). When an attorney has stolen or used the interest to the detriment of his client, the plaintiff need not prove causation for breach of fiduciary duty. *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942). However, Judwin does not allege or even suggest that Griggs has stolen its interests. Nor do the alleged acts indicate any unfairness or deception in Griggs' use of the information. Judwin's claim is essentially for improper disclosure of confidential information; therefore it is couched entirely in legal malpractice. The breach of implied warranty claim fails as a matter of law.

### Negligence and Gross Negligence

We are left with Judwin's claims for negligence (legal malpractice) and gross negligence. An attorney malpractice action in Texas is based upon negligence and requires proof of four well-known elements: (1) the existence of a duty; (2) the breach of that duty; (3) that the breach was a proximate cause of damages; and (4) that the plaintiff was damaged. *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.1989). The law requires a necessary showing of a causal relation between the act complained of and the injury sustained. *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223–24 (Tex.1988). Recovery of fees paid to an attorney may be appropriate when his or her negligence rendered the services of no value. *Cf. Yarbrough v. Cooper*, 559 S.W.2d 917, 920–21 (Tex.App.—Houston [14th Dist.] 1977, writ ref'd) (holding when client's reliance on attorney's advice caused him not to seek advice elsewhere, attorney was liable for entire tax

liability at issue because attorney's decision destroyed client's opportunity to make money).

We hold that the summary judgment evidence was insufficient to show as a matter of law that Griggs conclusively negated the element of damages. Griggs argues that Judwin neither showed how Griggs' actions caused it damages, nor did it show what damages, if any, it sustained. However, we disagree. In viewing the evidence in a light most favorable to the nonmovant, we hold that Judwin's supplemental answers to Griggs' interrogatories and Judwin's summary judgment affidavit establish a fact issue as to damages.

First, in its answers to interrogatories 9 and 10, Judwin asserts, "Judwin claims present damages in the amount of $5,000,000.00." Second, in its response to summary judgment, Judwin provided proof in the form of an affidavit from its president, Jerold Winograd, to demonstrate that a material fact issue existed on the element of damages for each of Judwin's causes of action. The affidavit reads:

1. My name is Jerold Winograd. I am over the age of eighteen and otherwise fully competent to make this affidavit under the laws of the State of Texas. I am the President of Judwin Properties, Inc (Judwin), and as such, I have personal knowledge of the facts stated in this affidavit.

2. There have been in excess of 700 plaintiffs who have sued Judwin alleging exposure to chlordane. Griggs and Harrison represented Judwin in these lawsuits until 1993, when Judwin retained other counsel.

3. *G & H has been paid approximately $928,690.62 (by Judwin) in attorney's fees to compensate G & H for its representation of Judwin in the chlordane litigation.*

4. I have reviewed the statements for legal services attached to the Original Petition filed by G & H in this litigation. The statements contain confidential and privileged information and disclose certain aspects of Judwin's litigation strategy in the chlordane lawsuits. Judwin never authorized G & H to disclose the confidential

and privileged information in the statements.

5. Inasmuch as G & H's statements are now public record available for inspection by parties adverse to Judwin in the chlordane lawsuits, *Judwin's litigation posture in the chlordane litigation has been damaged.*

6. The confidential information contained in the fee statements improperly disclosed by G & H *has resulted in increased costs of both defense and settlement of the existing chlordane cases.*

(Emphasis added.) Although Griggs argues Judwin merely speculated as to the mere existence of damages, we find that both the interrogatories and the affidavit assert a "present damages" amount of $5,000,000.00. Griggs has not presented any other evidence to either counter the amount asserted or to show that Griggs did not cause or could not have caused damages to Judwin. We hold that Griggs did not show conclusively that Judwin did not sustain damages, and as such, a fact issue remains as to damages.

We sustain Judwin's second point of error as to the causes of action of negligence and gross negligence, and overrule Judwin's point of error as to the causes of action of breach of contract, breach of implied warranty, and breach of fiduciary duty.

We reverse the summary judgment on the claims of negligence and gross negligence and remand the case to the trial court. We affirm the judgment of the trial court on the claims of breach of contract, breach of implied warranty, and breach of fiduciary duty.