**ECOTECH INTERNATIONAL, INC., Appellant,**

v.

**GRIGGS & HARRISON; Griggs & Harrison, Inc.; H. Lee Lewis, Jr.; Mt. Hawley Insurance Company; American Capacity Insurance Company; and Carma L. Slaymaker, Appellees.**

No. 04–95–00202–CV.

Court of Appeals of Texas, San Antonio.

July 24, 1996.

Rehearing Overruled Sept. 9, 1996.

---

Scott R. Brann, Law Offices of Scott R. Brann, Frederick J. Dailey, P.C., David W. Holman, Holman, Hogan, Dubose & Townsend, L.L.P., Houston, for appellant.

Thomas P. Sartwelle, Robert R. Debes, Jr., Sartwelle & Radelat, L.L.P., Chris E. Ryman, Coats, Rose, Yale, Holm, Ryman & Lee, P.C., Houston, for appellees.

Before LÓPEZ, GREEN and BUTTS, [1]JJ.

BUTTS, Justice (Assigned).

Appellant-plaintiff, Ecotech International, Inc. (Ecotech), sued appellees-defendants, Mt. Hawley Insurance Company (Mt.Hawley), American Capacity Insurance Company (AmericanCapacity), Carma L. Slaymaker (Slaymaker), Griggs & Harrison, Griggs & Harrison Inc. (Griggs & Harrison), and attorney H. Lee Lewis, Jr. (Lewis). The trial court granted summary judgments in favor of all defendants. We reverse and remand.

In two points of error, Ecotech contends the trial court erred in granting summary judgments in favor of each defendant.

The present conflict between these parties arose as a result of the judgment in a wrongful death action brought by Linda Gail Thompson and her children against several defendant companies, including Ecotech, to recover for the death of the husband and father. Ecotech's insurance carriers, Mt. Hawley and American Capacity, acquired the legal services of Lewis and Griggs & Harrison to defend Ecotech. On January 23, 1990, a judgment in excess of the policy limits of $500,000 was entered against Ecotech. According to Ecotech, the judgment became final thirty days later. *See C & H Nationwide Inc. v. Thompson,* 903 S.W.2d 315 (Tex. 1994) (determining allocation of liability among multiple defendants, including Ecotech, when settlement amounts have been paid).

Mt. Hawley did not file a supersedeas bond until August 10, 1990. Filed on May 28, 1991, Ecotech's third amended petition claims, among others, violations of the Texas Deceptive Trade Practices Act, article 21.21 of the Texas Insurance Code, breach of contract, breaches of express and implied warranties, negligence, breach of common law duty of good faith and fair dealing, and fraud, alleging the conduct of the defendants resulted in the entry of the excess judgment.[2] The petition also specifically alleges that each defendant breached the duties imposed upon them by *Stowers Furniture Co. v. American Indem. Co.,* 15 S.W.2d 544 (Tex.Comm'n.App. 1929, holding approved).

Under the *Stowers* doctrine, an insured may recover from his insurer the entire amount of a judgment in excess of policy limits rendered against him, if prior to judgment, the insurer negligently failed to accept a settlement offer within the liability limits of the policy. An insurer is held to that degree of care and diligence which an ordinary prudent person would exercise in the management of his own business. *Id.* at 547.

The insurance companies and Slaymaker filed their motion for summary judgment, contending that all of Ecotech's claims were based on, and stemmed from, the alleged violation of the *Stowers* duty by refusing an offer of settlement and exposing Ecotech to the excess judgment. In their motion for summary judgment, these defendants alleged

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

2. Ecotech has abandoned its claim for lost profits.

they could disprove the essential element of damages because Ecotech suffered no damages. They rely upon the filing of the supersedeas bonds to disprove and negate the element of damages.

Lewis and Griggs and Harrison filed their motions for summary judgment, also alleging Ecotech was never exposed to a judgment in excess of its policy limits because two supersedeas bonds in the amount of the judgment and estimated judgment interest were filed on August 10, 1990, signed by the principals in the *C & H Nationwide* lawsuit with Reliance Insurance Company as the surety. Ecotech maintains that each of the three summary judgments is based upon two faulty legal premises: (1) that Ecotech's allegations were exclusively a *Stowers* claim; and (2) that the supersedeas bonds filed over six months after finality of the underlying judgment removed all damages sustained by Ecotech.

In its third amended petition, filed before the summary judgments were granted, Ecotech pleaded causes of action against the insurance defendants for violations of the TEX.INS.CODE ANN. art. 21.21 § 4 (Vernon Supp.1996) and the Deceptive Trade Practices–Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon 1987) (DTPA), negligence, negligence *per se*, gross negligence, breach of the common law duty of good faith and fair dealing, fraud and misrepresentation, breach of contract and breach of expressed and implied warranties, and violation of the *Stowers* duty.

In its third amended petition, Ecotech pleaded causes against Lewis and Griggs & Harrison for negligence, false and deceptive trade acts, breaches of implied warranties, unconscionable course of action, violations of the Insurance Code, breaches of contract, DTPA violations, gross negligence, and violation of the *Stowers* duty.

### Bases of the Three Summary Judgments

The Mt. Hawley, American Capacity, Slaymaker summary judgment orders that Ecotech take nothing and "all relief not expressly granted is denied." The summary judgment in favor of Griggs & Harrison, Inc. orders that the defendant is dismissed and, further, that Ecotech take nothing on its claims for violation of the *Stowers* duty, violation of the DTPA, and violation of article 21.21 of the Insurance Code. The summary judgment in favor of Lewis and Griggs & Harrison is identical to that of Griggs & Harrison, Inc.

### Standard of Review

When a defendant moves for summary judgment, the movant-defendant must present summary judgment proof establishing, as a matter of law, that there is no genuine issue of material fact on one or more of the essential elements of the plaintiff's cause of action. *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 774 (Tex.1995); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant-defendant may prove that at least one element of the nonmovant's cause of action has been established conclusively against the nonmovant. *Union Pump Co.*, 898 S.W.2d at 774. If the movant-defendant negates one or more of the essential components of the nonmovant-plaintiff's cause of action, the burden is then on the nonmovant to produce controverting evidence raising a fact issue as to the element negated. *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied).

However, if the movant-defendant's summary judgment proof does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of each of the nonmovant's causes of action, then the nonmovant does not have the burden of going forward with summary judgment proof of like quality. *Swilley v. Hughes*, 488 S.W.2d 64, 67–68 (Tex.1972); *Judwin Properties, Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 501 (Tex.App.—Houston [1st Dist.] 1995, no writ). On appeal, evidence favorable to the nonmovant will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). *Judwin Properties*, 911 S.W.2d at 501–02; *see Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

Ecotech contends that the judgments must be reversed on its claims against all the movant-defendants because none of the movants expressly identified or addressed all the claims in their motions for summary judgment. We agree.

In order to conclusively establish there is no genuine issue concerning one or more of the essential elements of a plaintiff's cause of action, a motion for summary judgment must identify or address the elements of each cause of action pleaded by the plaintiff. *See Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990).

The defendants argue on appeal that all of Ecotech's causes of action stem from the alleged violation of the *Stowers* duty; the summary judgments were proper because Ecotech suffered no damages due to the filing of the supersedeas bonds. Lewis and Griggs & Harrison contend further that an attorney cannot be liable for violation of the *Stowers* duty.

The summary judgment evidence shows that the sum of $500,000 constituted Ecotech's insurance policy limits. The evidence further shows that Mt.Hawley, the insurer, received offers to settle for the policy limits before trial began and also during trial. Mt. Hawley refused the offers to settle. Ecotech alleged that it was never informed of the offers to settle within the policy limits either by the insurer or the attorneys. The judgment against Ecotech was in excess of the policy limits. Ecotech alleged it learned after judgment was entered that the amount of indemnity would be only $200,000, having been reduced according to the policy terms by the costs to defend the lawsuit. Also in a second lawsuit based on injuries arising from the same incident, the insurer settled claims against Ecotech after the Thompson judgment. The defendants contend that Ecotech could suffer no damages, stating the sole basis of Ecotech's claims is the exposure to an excess judgment based on *Stowers,* and the supersedeas bonds protected Ecotech, thereby negating the element of damages.

On the other hand, the summary judgment evidence reveals that Ecotech itself assumed primary responsibility, along with the other principals, on the supersedeas bonds for the Thompson judgment. The jury's verdict resulted in a judgment making Ecotech jointly and severally liable for a sum in excess of $2,200,000. The supersedeas bonds, signed by all the principals, would protect Ecotech from execution on the judgment from August 10, 1990, until the appeal ended. However, the record is clear that Ecotech was exposed to execution on the judgment for a period of over six months following the judgment. We accept as true Ecotech's uncontroverted statement on appeal that execution proceedings were actually begun against it during that period.[3] We also accept Ecotech's uncontroverted statement that it was necessary to employ other legal counsel to protect its interests during that period. One of its claims is for legal fees.

We agree with the defendants that the *Stowers* doctrine covers a broad scope which includes investigation, preparation of defense, the trial, and certain matters within the agency relationship between the insurer and insured, such as negligence, gross negligence, failure to advise, acting without authority, breach of contract, and others. *See Ranger County Mut. Ins. Co. v. Guin,* 723 S.W.2d 656, 659 (Tex.1987). The defendants assert that all of the separate actions offered by Ecotech are within the scope of the *Stowers* doctrine. We do not agree. Nor do we agree that summary judgment was proper to dispose of the *Stowers* cause of action against the insurers, based on the summary judgment evidence before the trial court.

Ecotech's pleadings clearly allege a *Stowers* duty violation. The insurers' motion for summary judgment says, in effect, that the violation, if any, is mooted by the subsequently filed supersedeas bonds covering the excess judgment against Ecotech. We note, however, the bonds distinctly continue Ecotech's exposure to joint and several liability for the entire amount of the judgment with interest. The insurer bound itself to indem-

---

**3.** The case was settled in 1995 after the Supreme Court opinion issued. *See C & H Nationwide,* 38 Tex. Sup.Ct. J. 1096–97 (Aug. 1, 1995). However-

er, we cannot consider any evidence not considered by the trial court in granting the summary judgments.

nify only the percentage amount of Ecotech's liability.

The record discloses that at the first presentation of the Lewis and Griggs & Harrison motion for summary judgment, the trial court denied the motion. The attorneys later presented the motion, which had not been amended, for reconsideration. The trial court granted the summary judgment on July 19, 1994, after the third amended petition with all the causes of action had been filed. It is maintained the trial court did not consider the third amended petition, which was filed in May, 1994, in granting the summary judgment. The record does not support the assertion. The petition was timely filed. The proper scope of a trial court's review of evidence for a summary judgment encompasses all evidence on file at the time of the hearing or timely filed after the hearing and before judgment. TEX.R.CIV.P. 166a(c); *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ); *see Judwin Properties,* 911 S.W.2d at 503. We conclude the trial court properly considered it.

In their motion for summary judgment, Mt. Hawley, American Capacity, and Slaymaker do not offer summary judgment evidence to show they did not violate their *Stowers* duty to settle the covered lawsuit. Instead, they contend that the filing of the supersedeas bonds suspended execution of judgment, which eliminates the essential element of damages. Further, they argue that even if Ecotech can prove the violation, breach of the *Stowers* duty does not constitute a violation of article 21.21 or the DTPA.

■ None of the three motions for summary judgment address all of the alleged causes of action. Contrary to the insurers' contention, in some circumstances there can exist a violation of article 21.21 and the DTPA in addition to a *Stowers* violation. *See American Physicians Ins. Exchange v. Garcia,* 876 S.W.2d 842, 847 n. 11 (Tex.1994) (where misrepresentations and failure to inform the insured of the settlement demand are pleaded, the defendant may have violated both *Stowers* and the DTPA). Here, Ecotech did plead these matters. In their motion for summary judgment, the insurers do not address those two claims. Additionally, the insurers do not address the cause of action based on violation of the *Stowers* duty. Their defense simply rests on the contention that the supersedeas bonds prevented exposure to liability; therefore, there can be no damages. Nor do the insurers address the allegations of fraud, common law good faith and fair dealing, or injury to credit and credit reputation occurring during the hiatus and exposure which lasted several months.

■ We agree with Lewis and Griggs & Harrison and Griggs & Harrison, Inc. that an attorney cannot be held liable for an alleged *Stowers* violation. The *Stowers* duty is imposed only on an insurer and not on any other party. *American Centennial Ins. Co. v. Canal Ins. Co.,* 810 S.W.2d 246, 254 (Tex. App.—Houston [1st Dist.] 1991), *aff'd in part, rev'd in part,* 843 S.W.2d 480 (Tex. 1992). The trial court correctly ruled in favor of the attorneys as to the *Stowers* application.

However, we do not agree that is the only cause of action alleged by Ecotech or that all the causes stem from the *Stowers* violation. The attorneys rely solely on the filing of the supersedeas bonds to negate the essential element of damages. The attorneys' motions for summary judgment fail to identify or address other causes of action which were alleged. Some of the allegations include misrepresentations concerning the legal services; misrepresentations of authority to negotiate final terms of settlement; breaches of implied warranty of fitness of services; failure to disclose information to Ecotech to induce it to continue litigation; engaging in unconscionable conduct; allegations of legal malpractice, and other violations of the DTPA.

■ A motion for summary judgment must expressly state the grounds upon which it is made. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion, and a court may not rely on briefs or summary judgment evidence in determining

whether grounds are expressly presented. *McConnell*, 858 S.W.2d at 339.

In this case the three summary judgments disposed of causes of action not addressed in the summary judgment motions. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d at 27; *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). Thus, undetermined material fact issues remain pending. The trial court erred in granting the defendants' complete take-nothing summary judgments against Ecotech. The two points of error are sustained.

We reverse the summary judgments and remand the causes to the trial court for further proceedings.