**Philip ROSE, Appellant,**

v.

**KOBER FINANCIAL CORPORATION, Appellee.**

No. B14–92–01238–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 14, 1994.

Jeffrey W. Gillespie, Houston, for appellant.

James L. Cornell, Tammy C. Manning, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from the granting of summary judgment in favor of appellee, Kober Financial Corporation. Appellant, Philip Rose, initially filed suit against appellee to recover damages solely under the Texas Deceptive Trade Practices–Consumer Protection Act. ("DTPA"). In five points of error, appellant contends that the trial court erred in granting summary judgment because: (1) there are genuine issues of material fact concerning one or more elements of his causes of action; (2) appellee was granted more relief than requested by its motion for summary judgment; and (3) there are genuine issues of material fact concerning each element of appellee's affirmative defenses. We reverse and remand.

The record reveals that appellant filed his original petition on October 5, 1990, asserting that appellee and he had entered into an oral and written agreement that appellee would sell him stock in Fox Ridge Capital, Inc., at four cents ($.04) a share. The original petition also alleged that appellee violated the

DTPA by engaging in deceptive practices and unconscionable action in connection with the agreement. Appellee filed its original answer in the form of a general denial and raised the affirmative defenses of waiver, ratification and estoppel. On April 29, 1991, appellant filed his first amended petition, which added Gary Mooney as a plaintiff. On May 17, 1991, appellee filed its first amended answer, which contained special exceptions, a general denial, a specific denial, and raised the affirmative defenses of waiver, ratification, estoppel and failure to mitigate. On January 28, 1992, appellee filed its motion for severance of Mooney's claims, which the trial court granted on February 6, 1992. Mooney is not a party to this appeal.

Appellee filed its Motion for Summary Judgment or Alternatively, Motion for Partial Summary Judgment on June 2, 1992, and set it for hearing on July 2, 1992. On June 26, 1992, appellant filed his response to the motion and his first supplemental petition, which alleged for the first time causes of action for breach of contract, breach of fiduciary duty, misrepresentation, and negligence. Appellee did not amend its motion for summary judgment to address these additional causes of action. Appellant filed a supplemental response and his supporting affidavit on July 20, 1992. On July 22, 1992, appellee filed its objections to appellant's affidavit.

The summary judgment hearing was reset to July 23, 1992, at appellant's request. The hearing was held on July 23, 1992, and the summary judgment was signed on July 24, 1992. The trial court granted summary judgment in favor of appellee on "all claims set forth" by appellant.

We must view the facts in the light most favorable to appellant. On April 24, 1989, Rick Dickenson, a broker for appellee, called appellant several times and left messages on his answering machine. Appellant called Dickenson back and spoke with him several times between 11:00 p.m. and 3:00 a.m. During this period, appellant spoke with his brother, David Rose, and several friends about Fox Ridge Capital, Inc., stock. Dickenson told appellant that "his ship had come in," that "he could not go wrong," and that

the "stock was going to run." Appellant asked Dickenson how much the stock would be the following day. Dickenson responded that he did not know the price, but told appellant to put a check in the overnight express mail if he wanted the stock. Appellant's friend, Mooney, sent Dickenson $2,000. Appellant verbally ordered $5,600 worth of Fox Ridge Capital, Inc., stock, but did not send a check by overnight express mail.

Appellant called Dickenson the next morning and asked him the opening price of the stock. Dickenson responded that he did not know because they had not started trading. Then, appellant called Investor Services located in Houston, Texas, and asked them about the price of the stock. Investor Services told appellant that they could get the stock at four cents ($.04) a share. Appellant decided to stay with appellee because Mooney had sent his money in, and appellant had already ordered the stock. Appellant continued to call Dickenson to find out the stock price, but Dickenson still stated that he did not know. When Dickenson called appellant two days later for a confirmation, the stock had gone up to fifteen and three-fourths cents ($.1575) a share.

Since Dickenson had not received appellant's check, he told Mooney and then appellant that he would buy the stock for himself if the check was not received the following day. Appellant reminded Dickenson that federal regulations allow him seven days to send the check and told him to go ahead and buy the stock for himself. Several days later, a man, who identified himself as Harvey, told appellant that they were going to sell his stock that was previously purchased in October 1988 to pay for the $5,600 worth of Fox Ridge Capital, Inc., stock that was ordered. Appellant informed Harvey that he could purchase the Fox Ridge Capital, Inc., stock for himself, but he better not touch the stock already purchased by appellant. On May 29, 1989, appellant transferred his account to another brokerage firm, where he purchased the Fox Ridge Capital, Inc., stock at fourteen cents ($.14) a share.

Appellant's second point of error is dispositive of this appeal, and we, therefore, consider it first. In his second point of error,

appellant asserts that the trial court erred in entering summary judgment by granting appellee more relief than requested in its motion for summary judgment. Appellant argues that appellee's motion for summary judgment was filed prior to appellant's first supplemental petition and did not address the additional causes of action based on breach of contract, breach of fiduciary duty, misrepresentation, and negligence.

Appellee argues that it had no duty to amend its motion for summary judgment because appellant's supplemental petition was filed untimely and should not have been considered by the trial court. The record reveals that the supplemental petition was filed on June 26, 1992, only five days prior to the hearing originally set for July 2, 1992, without leave of court. The trial court's judgment recites that it heard the motion on July 24, 1992, rather than July 2, 1992.

■ We must now determine if the supplemental petition was timely filed and before the trial court at the July 24, 1992, hearing. Rule 63 of the Texas Rules of Civil Procedure provides that:

> Parties may amend their pleadings ... provided, that any amendment offered for filing within seven days of the date of trial ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

Tex.R.Civ.P. 63. Pleading amendments sought within seven days of the time of trial are to be granted unless there has been a showing of surprise to the opposing party. *Rogers v. Gonzales,* 654 S.W.2d 509, 515 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). A summary judgment proceeding is a trial within the meaning of Rule 63. *Jones v. Houston Materials Co.,* 477 S.W.2d 694, 695 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *see also Leche v. Stautz,* 386 S.W.2d 872, 873 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.).

■ In the present case, appellant's first supplemental petition was filed twenty-seven days before the summary judgment hearing held on July 24, 1992. Thus, the supplemental petition was timely filed and properly before the trial court at the hearing.

■ Even assuming that the supplemental petition had been untimely filed, a liberal interpretation has been given to Rule 63. In the absence of a sufficient showing of surprise by the opposing party, the failure to obtain leave of court when filing a late pleading may be cured by the trial court's action in considering the amended pleading. *See, e.g., Lloyds of London v. Walker,* 716 S.W.2d 99, 103 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *West v. Touchstone,* 620 S.W.2d 687, 689 n. 2 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Swinney v. Winters,* 532 S.W.2d 396, 400 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Lucas v. Hayter,* 376 S.W.2d 790, 791 (Tex.Civ.App.—San Antonio 1964, writ dism'd).

■ In this case, the record does not reveal whether leave of court was requested or granted. In addition, the record gives no indication that the trial court refused leave to file nor does it contain a motion to strike appellant's supplemental petition, which is a part of the record that was before the trial court. The trial court's judgment states that all pleadings on file were considered by the court. Where the record provides no basis to conclude that the supplemental petition was *not* considered by the trial court, and appellee has not shown surprise or prejudice, leave of court to file the amended petition is presumed. *Goswami v. Metropolitan Sav. and Loan,* 751 S.W.2d 487, 490 (Tex.1988). We, therefore, would presume that the trial court granted leave of court to file the supplemental petition in this case.

■ A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983). Appellee was required to show conclusively that no fact issue existed as to at least one essential element of *each* of appellant's causes of action. *Clark v. First Nat'l Bank of Highlands,* 794 S.W.2d 953, 956 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Christensen v. Sherwood Ins. Serv.,* 758 S.W.2d 801, 803 (Tex.App.—Texarkana

1988, writ denied); *Mary Kay Cosmetics, Inc. v. North River Ins.*, 739 S.W.2d 608, 609 (Tex.App.—Dallas 1987, no writ).

 In the present case, appellant's first supplemental petition *added* causes of action for breach of contract, breach of fiduciary duty, misrepresentation, and negligence. Appellee's motion for summary judgment specifically stated that "Plaintiff has sued Defendant solely for violation of the Texas Deceptive Trade Practices–Consumer Protection Act." Appellee did not amend its motion for summary judgment to address appellant's four additional causes of action. A summary judgment may not be granted, as a matter of law, on a cause of action not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983); *Johnson v. Rollen*, 818 S.W.2d 180, 183 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Clark*, 794 S.W.2d at 955. Thus, the trial court erred in attempting to enter an all inclusive final summary judgment.

Appellee argues, however, that it is not relevant whether these additional causes of action were addressed in his motion because it negated the damage element of all of appellant's causes of action. We disagree. Appellee did not negate the damage element of the additional causes of action because they were not *expressly* set out in its motion for summary judgment. *See* Tex.R.Civ.P. 166a(c).

In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the trial court. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). However, where the summary judgment purports to grant more relief than requested, we must reverse and remand, rather than dismiss. *Mafrige*, 866 S.W.2d at 592. That is precisely the posture of this case. The court in granting the summary judgment motion, which was based only on DTPA grounds, purported to dispose of "all claims set forth" by appellant. Since the summary judgment purported to be final, rather than partial, we must, in accordance with *Mafrige*, treat it so.

Accordingly, we sustain appellant's second point of error.

Thus, without regard to its merits, or lack thereof, as to the DTPA claim, we reverse the summary judgment and remand the cause to the trial court.