HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Relators,

v.

Honorable Carolyn Marks JOHNSON, Judge of the 189th District Court of Harris County, Texas, Respondent.

No. C14–94–00753–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 20, 1994.

Robert P. McConnell, Terry G. Wiseman, Paul M. Gordon, Houston, for relators.

M. Christopher Sharkey, Leslie K. Amann, Houston, for respondent.

Before ROBERTSON, CANNON and LEE, JJ.

## MAJORITY OPINION

ROBERTSON, Justice.

This original proceeding presents the issue whether the trial court's order granting summary judgment is a final judgment. Because

we find the order interlocutory, we conditionally grant the writ.

In 1992, after exhausting its administrative remedies, Phil Arms Ministries ("Phil Arms"), the real party in interest, filed suit in the 189th District Court of Harris County, Texas, seeking to have its real property exempted from taxation and removed from the tax rolls. Phil Arms alternatively sought a reduction in the appraised value of the property. Phil Arms also prayed for costs and reasonable attorney's fees. Phil Arms sued relators, the Harris County Appraisal District and the Harris County Appraisal Review Board, and three other taxing authorities.[1] Each of the defendants timely filed an answer. On November 20, 1992, Phil Arms filed a Motion for Summary Judgment and supporting brief. Each of the defendants filed a response. Two of the defendants also filed their own Motion for Summary Judgment. On January 5, 1993, the trial court dismissed without prejudice all claims between Phil Arms and the three other taxing authorities, thereby leaving only Phil Arms' claims against relators.

On February 3, 1993, the trial court granted Phil Arms' Motion for Summary Judgment. The order states in pertinent part that "the Defendants ... take nothing and that Phil Arms Ministries go this day with costs." The order does not mention attorney's fees. On March 5, 1993, Phil Arms filed a Motion to Modify Judgment. The motion requested the court to "modify the Judgment in this case to more clearly reflect the disposition of all issues and of all parties in this matter." A proposed Final Summary Judgment seeking, among other things, reasonable attorney's fees accompanied the motion. The court did not rule on Phil Arms' Motion to Modify Judgment or sign the proposed Final Summary Judgment.

On April 28, 1994, relators filed a Motion to Reconsider Motion for Summary Judgment or for Entry of Final Appealable Judgment or for Trial Setting. In that motion, relators asserted that the February 3, 1993, order granting summary judgment was not

"a final appealable judgment" because it did not dispose of "Plaintiff's prayer for attorney's fees." The trial court's docket sheet reflects that the court refused to rule on relators' motion on the ground that it lacked jurisdiction because the order granting summary judgment was a final judgment.

In the instant proceeding, relators contend that the February 3, 1993, order granting Phil Arms' Motion for Summary Judgment is not final because it does not dispose of Phil Arms' claim for attorney's fees and it does not contain "Mother Hubbard" language purporting to dispose of all parties and issues. Relators seek mandamus to compel respondent, the presiding judge of the 189th District Court, to proceed to trial on the claim for attorney's fees.

■ "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding)). In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). Whether the order disposes of all issues and all parties must be measured against the claims asserted in the petition. *See Rose v. Kober Financial Corp.*, 874 S.W.2d 358, 362 (Tex.App.—Houston [14th Dist.] 1994, no writ).

■ As we described, Phil Arms' Original Petition prays for costs and attorney's fees. However, in its Motion for Summary Judgment, Phil Arms does not specifically request attorney's fees or state grounds for recovery of such fees. There is also no mention of attorney's fees in the trial court's order granting the motion. Because Phil Arms' claim for attorney's fees was not expressly presented to the court in the motion for summary judgment, the order granting the motion does not dispose all claims asserted in

1. Those other taxing authorities included the Alief Independent School District, the Harris County Education District, and the Harris County Municipal Utility District No. 158. They are not parties to this proceeding.

the Original Petition and is therefore interlocutory. *See McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *see also Rose,* 874 S.W.2d at 362.

Phil Arms argues that its claim for attorney's fees was presented to the court and denied, thereby making the court's order final and appealable. Its argument is based on the fact that the summary judgment motion asks the court to "enter judgment that Defendants take nothing and that Plaintiff recover costs from Defendants as well as **all further relief to which Plaintiff may show itself justly entitled.**" Assuming that Phil Arms' request for "further relief" is specific enough to have put its claim for attorney's fees before the court, the summary judgment motion still does not state the grounds for recovery of such fees. In the absence of such grounds expressly stated in the summary judgment motion, the claim for attorney's fees was not before the trial court and the order granting summary judgment is interlocutory. *See McConnell,* 858 S.W.2d at 341; *see also Rose,* 874 S.W.2d at 362.

■■■ Citing to *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966), Phil Arms also argues that it is reasonable to infer, in light of the presumption in favor of the finality of judgments, that the trial court denied Phil Arms' claim for attorney's fees by awarding only costs. Phil Arms maintains that this inference is bolstered by the fact that its attorney approved of the form of the order, thereby abandoning the claim for attorney's fees. The *Aldridge* presumption applies only to a judgment following a conventional trial on the merits, not to a summary judgment. *Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986) (orig. proceeding). In addition, while a judgment need not dispose of each issue in express terms, an inference that a judgment disposes of a particular issue must follow as a necessary implication. *See Rosedale Partners, Ltd., v. 131st Judicial District Court,* 869 S.W.2d 643, 647 (Tex. App.—San Antonio 1994, no writ). As we stated, neither the motion for summary judgment nor the order granting the same mentions attorney's fees. Therefore, it does not follow as a necessary implication that the

court disposed of the claim for attorney's fees. Further, there is nothing in the record to suggest that Phil Arms abandoned its claim for attorney's fees. To the contrary, Phil Arms continued to seek attorney's fees in its Motion to Modify.

Finally, Phil Arms contends that the court's docket entry shows that the order was final. The entry states in pertinent part that "the summary judgment appears to be final and the case was warehoused." Such a notation has no bearing on the clear language of the trial court's order and is not controlling. *See Rosedale,* 869 S.W.2d at 646–47 (holding that "case closed" notation in docket sheet did not evidence intent by trial court to make default judgment final). Because the February 3, 1993, order granting summary judgment is interlocutory and the trial court has jurisdiction to proceed to trial or judgment, we hold that the trial court abused its discretion in refusing to rule on relators' Motion to Reconsider, etc.

■■■ Furthermore, relators had no adequate remedy by appeal because there is no Mother Hubbard language or its equivalent purporting to make the trial court's order final. The inclusion of "Mother Hubbard" language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appeal purposes. *Mafrige v. Ross,* 866 S.W.2d 590, 591–92 (Tex.1993). A Mother Hubbard Clause generally recites that all relief not expressly granted is denied. *Id.* at 590 n. 1. The equivalent of such a clause is a statement that the summary judgment is granted as to all claims asserted by plaintiff or a statement that **plaintiff takes nothing** against defendant. *Id.* Here, the trial court's order does not contain language purporting to make it final. The language in the order that **"Defendants take nothing"** says nothing about the disposition of plaintiff's claims as asserted in its Original Petition and Motion for Summary Judgment. In the absence of language purporting to make the order final for purposes of appeal, mandamus is the appropriate course of action. Mandamus is appropriate to compel a district judge to proceed to trial and judgment. *Hidalgo County Water Improvement Dist. No. 2 v.*

**534**

*Blalock,* 301 S.W.2d 593, 594 (Tex.1957) (orig. proceeding); *Dallas Ry. & Terminal v. Watkins,* 126 Tex. 116, 86 S.W.2d 1081 (1935) (orig. proceeding).

Accordingly, we conditionally grant the mandamus relief requested by relators. The writ will issue only if respondent should fail or refuse to act in accordance with this opinion.

LEE, Justice, dissenting.

I respectfully dissent. I would hold that mandamus does not lie because relators had an adequate remedy by appeal. *See Walker v. Packer,* 827 S.W.2d 833, 840–44 (Tex.1992). Here, the "take nothing" language in the order purported to make it final for purposes of appeal. *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993). Relators failed to take measures to preserve their right to appeal. Instead, relators waited fifteen months before complaining about the finality of the trial court's order. Under such circumstances, mandamus is inappropriate. Accordingly, I would deny the writ.