**Henry G. GUEST, Jr., Individually and as Independent Co–Executor of the Estates of Henry G. Guest, Sr. and Ada Madrid C. Guest, Appellants,**

v.

**John R. COCHRAN, Jr., Esq. and Cochran, Rooke & Craft, L.L.P., Appellees.**

No. 14–97–00069–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 6, 1999.

John Akard, Everett R. Buck, Houston, for appellants.

Matthew C. Guilfoyle, Curt M. Langley, Houston, for appellees.

Panel consists of Chief Justice MURPHY, and Justices ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Henry G. Guest, Jr. ("appellant"), Individually and as Independent Co–Executor of the Estates of Henry G. Guest, Sr. and Ada Madrid C. Guest, appeals the granting of summary judgment in favor of appellees, John R. Cochran, Jr. Esq. and Cochran, Rooke & Craft, L.L.P. (collectively "Cochran"). We affirm in part and reverse and remand in part.

### I. Background

Henry G. Guest, Sr. and Ada Madrid C. Guest, now deceased, were the parents of appellant and his sisters, Mary Guest Kaeppel ("Kaeppel") and Gloria Guest Reynolds. In 1993, Cochran, an attorney and long-time friend of Kaeppel and her husband, Dr. Christopher Kaeppel, was hired to perform estate planning services for Mr. and Mrs. Guest. Appellant alleges that Cochran conspired with Kaeppel so that she would obtain a disproportionate share of their parents' estates. In support of this contention, appellant claims that all correspondence was between Cochran and Kaeppel, not Mr. and Mrs. Guest. Moreover, Mr. Guest was ill, weak, and in need of a blood transfusion.

On May 5, 1993, Mr. and Mrs. Guest met with Cochran for the first time. Cochran drafted several documents for Mr. and Mrs. Guest, including an irrevocable trust, a deed of gift, a power of attorney, and new wills. Subsequently, on May 17, 1993, Mr. and Mrs. Guest signed the new wills that Cochran had drafted. The new wills, which named each of the Guests' children independent co-executors of the estates, provided that the surviving spouse would receive the other spouse's estate in its entirety, free of trust.[1] If there was no surviving spouse, the Guests' three children would receive equal shares of the estate. The wills did not contain a bypass trust, which, according to appellant, would have minimized the estate taxes.[2]

---

1. Mr. and Mrs. Guest had previously executed wills in 1982, which provided for the surviving spouse, or appellant in the event that there was no surviving spouse, as sole independent executor.

2. According to appellant, each person's estate is entitled to a unified credit against the taxable estate which, at that time, equaled $600,-000.00. In other words, an estate valued at $600,000.00 or less need not pay estate taxes. The bypass trust enables the estate to take

The irrevocable trust named Kaeppel as trustee. Appellant claims that this would have given Kaeppel a disproportionate share of the Guests' estates. Mr. and Mrs. Guest, however, did not sign the irrevocable trust or deed of gift because, according to Guest, they did not want to favor Kaeppel over their other children.

On June 14, 1993, Mr. Guest passed away. As provided in the wills, the Guests' three children were independent co-executors of Mr. Guest's estate. Cochran continued as attorney for Mr. Guest's estate. Mrs. Guest passed away on May 17, 1995. Appellant and his sisters were independent co-executors of Mrs. Guest's estate. Mr. and Mrs. Guest had combined estates of $800,000.00. Mrs. Guest's estate paid $60,000.00 in estate taxes.

Appellant sued Cochran on June 13, 1995. Appellant filed his first amended petition on September 28, 1995, seeking damages for excess federal estate taxes paid out of Mrs. Guest's estate. Appellant, individually and as independent co-executor of his parents' estates, sued Cochran for claims of attorney malpractice, conspiracy to breach fiduciary duty, fraud, constructive fraud, negligence, gross negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). With respect to his malpractice and DTPA claims, appellant asserted that Cochran failed: (1) to include a bypass trust or other estate planning mechanism in the will which would have allowed the estates to avoid paying any taxes; and (2) to advise either Mrs. Guest or the executors of

Mr. Guest's estate that Mrs. Guest could execute a valid disclaimer of a portion of her "inheritance" from Mr. Guest so that her estate would not have to pay any taxes. Guest based his fraud and conspiracy claims on Cochran's activities and dealings with the Kaeppels and the way in which Cochran dealt with the Guests while he was performing estate planning services for them.

Cochran moved for summary judgment on appellant's first amended petition based on lack of privity or lack of an attorney-client relationship between appellant and Cochran. Appellant responded that Cochran's motion failed to address the claims he brought in his representative capacity on behalf of the estates as independent co-executor. While Cochran's motion for summary judgment was pending, appellant, in both his individual and representative capacities, filed a second amended petition, raising a new claim for negligent misrepresentation.[3] Because Cochran did not supplement his pending motion for summary judgment to address this new claim, appellant asserts Cochran's motion also failed to address the additional claim raised in the second amended petition.

In a single point of error, with five subparts, appellant claims the trial court erred in granting summary judgment in favor of Cochran because (a) the summary judgment motion did not acknowledge that appellant, as independent co-executor, sued Cochran on behalf of the estates; (b) appellant has standing as independent co-executor to bring attorney malpractice

advantage of the unified credit by placing into trust an amount equal to the unified credit. Consequently, the amount placed into the trust is included in the grantor's taxable estate. A couple may have combined estates valued at $1,200,000.00 ($600,000.00 for each estate) tax free. Without a bypass trust, the full estate passes directly to the surviving spouse without the benefit of the unified credit. The $600,000.00, therefore, can be taxed at a rate of 37 to 41 percent and ultimately results in the estate paying taxes of $235,-000.00. *See* 26 U.S.C.A. § 2001, *et seq.* (1989 & Supp.1998).

3. Appellant asserts he raised, in his second amended petition, an additional DTPA claim that Cochran failed to advise Mrs. Guest or the executors of Mr. Guest's estate about the benefits of having Mrs. Guest execute a disclaimer of a portion of her inheritance. Our review of the record reveals that this claim was raised in a previous petition. Appellant also states he raised another DTPA claim based upon Cochran's false representations to appellant. After reviewing the second amended petition, we find no such additional claims.

claims on behalf on the estates; (c) appellant has standing as independent co-executor to bring claims for breach of fiduciary duty, fraud, and constructive fraud on behalf of the estates; (d) Cochran failed to establish that appellant, individually, or as independent co-executor, did not have standing to bring DTPA claims on behalf of the estates; and (e) the motion for summary judgment failed to address the additional claim appellant raised in the second amended petition.

## II. Standard of Review

To prevail on a motion for summary judgement, the defendant must "establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action." *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *see also Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Once the defendant establishes that no genuine issue of material fact exists regarding an element of the plaintiff's claim, the plaintiff must present competent summary judgment proof raising a fact issue on that element. *See Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 127 (Tex.App.-Houston [14ᵗʰ Dist.] 1994, no writ). The Texas Supreme Court set forth the following standard for appellate review of summary judgments:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Bottoms v. Smith*, 923 S.W.2d 247, 249 (Tex. App.-Houston [14ᵗʰ Dist.] 1996, no writ).

## III. The Estates' Claims

■ Appellant first contends the trial court erred in granting Cochran's motion for summary judgment because it did not address the claims Guest brought against Cochran on behalf of the estates in his status as independent co-executor in addition to his personal claims against Cochran. Appellant also asserts Cochran's motion for summary judgment was insufficient as a matter of law because it did not address the additional claims raised in the second amended petition. Because these two arguments are related, we address them together.

■ Rule 166a(c) sets forth the requirements for granting summary judgment:

> The motion for summary judgment shall state the specific grounds therefor ... The judgment sought shall be rendered forthwith if ... the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

Tex.R. Civ. P. 166a(c). Thus, it is well-settled that a motion for summary judgment must stand or fall on the grounds presented in such motion. *See Science Spectrum, Inc.*, 941 S.W.2d at 912; *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 805 (Tex.1994); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). The movant must establish his entitlement to summary judgment on the " 'issues *expressly presented* to the trial court by conclusively proving all essential elements in his cause of action or defense as a matter of law.' " *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983) (emphasis in the original) (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979)). To conclusively establish the requisite essential elements, the motion must identify or address the cause of action and its elements. *See Black v. Victoria Lloyds*

*Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). The trial court, therefore, may not grant summary judgment as a matter of law on a cause of action not addressed in the summary judgment proceeding. *See Chessher*, 658 S.W.2d at 564; *Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Rose v. Kober Fin. Corp.*, 874 S.W.2d 358, 362 (Tex.App.-Houston [14th Dist.] 1994, no writ). For the trial court to do otherwise is reversible error. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993); *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 88 (Tex.App.-Houston [1st Dist.] 1996, writ denied).

Cochran claims his motion for summary judgment expressly addressed all causes of action which appellant pleaded in both his individual and representative capacities. In support of this contention, Cochran points to the following sentence contained in his motion for summary judgment:

> Defendants are entitled to summary judgment as a matter of law regarding all claims and causes of action asserted in Plaintiff's Response to Defendant's Special Exceptions and Plaintiff's First Amended Petition for the following reasons ...

Our reading of Cochran's motion for summary judgment, however, reflects otherwise. We find no mention of or reference to appellant's status as independent co-executor of the estates or that any claims were brought by appellant on behalf of the estates.

Cochran further argues that summary judgment may be granted on any issues raised in the motion, response, and any subsequent replies. *See IMC Fertilizer, Inc. v. Angus Chem. Co.*, 925 S.W.2d 355, 358 (Tex.App.-Houston [1st Dist.] 1996), *rev'd on other grounds*, 939 S.W.2d 138 (Tex.1997) (citing *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993)). According to Cochran, his motion for summary judgment, appellant's response, and Cochran's subsequent reply addressed the

causes of action brought on behalf of the estates in addition to appellant's individual claims. In response to Cochran's motion for summary judgment, appellant raised the issue that Cochran failed to address the causes of action appellant brought in his role as co-executor on behalf of the estates. Cochran claims he further addressed the estates' claims in his subsequent reply:

> [E]ven assuming that his co-executor status would provide Plaintiff standing to sue Defendants, clearly the alleged malpractice did not occur during the time Plaintiff was a co-executor. Plaintiff's Response to Defendant's Special Exceptions and Plaintiff's First Amended Petition alleges that the acts in question occurred "[o]n or about April 26, 1993, May 5, 1993, and May 17, 1993." Plaintiff did not become a co-executor of the estate of Henry G. Guest, Sr. until after Mr. Guest, Sr.'s death on June 13, 1993. Therefore, based upon Plaintiff's own pleadings, the alleged malpractice occurred prior to Plaintiff's co-executor status. Accordingly, Defendants are entitled to summary judgment as a matter of law, because Plaintiff does not have standing to assert attorney malpractice, negligence or gross negligence against Defendants because no privity existed between Plaintiff and Defendants.[4]

■ Other courts of appeals have addressed factual situations wherein the movant, in a reply brief, raised a new ground for summary judgment or addressed a cause of action not previously presented in the motion for summary judgment. *See, e.g., Sanders v. Capitol Area Council*, 930 S.W.2d 905, 910–11 (Tex. App.-Austin 1996, no writ); *Smith*, 927 S.W.2d at 88; *R.R. Publication & Prod. Co. v. Lewisville Indep. Sch. Dist.*, 917 S.W.2d 472, 473–74 (Tex.App.-Fort Worth 1996, no writ). In holding that raising a new ground or cause of action in a reply

---

**4.** After reading Cochran's reply to appellant's response, we find that he only referenced appellant's legal malpractice claims and did

not address the claims for breach of fiduciary duty, fraud, constructive fraud, or DTPA violations brought on behalf of the estates.

brief is not sufficient to comply with Rule 166a(c), those other courts reasoned that a movant's reply is not a motion expressly presenting an independent cause of action or ground for summary judgment. *See Sanders,* 930 S.W.2d at 911; *Smith,* 927 S.W.2d at 88; *R.R. Publication & Prod. Co.,* 917 S.W.2d at 473–74 (citing *McConnell,* 858 S.W.2d at 338). We agree with the reasoning of the other courts of appeals and conclude that Cochran's attempt to address the claims appellant brought on behalf of the estates, in a reply to appellant's response, is insufficient to comport with the requirements of Rule 166a(c).[5] *See McConnell,* 858 S.W.2d at 341 (holding that motion for summary judgment itself must expressly present grounds on which it is made; reliance may not be placed on briefs or evidence); *Black,* 797 S.W.2d at 27 (holding that to conclusively establish the requisite essential element or elements, the motion must identify or address the cause of action or defense and its elements).

Cochran also contends that because the summary judgment proof conclusively negated the requisite elements of appellant's personal claims, then the proof also negates the elements of the same claims appellant brought in his capacity as co-executor on behalf of the estates and any new causes of action set forth in the sec-ond amended petition. In support of this argument Cochran relies on the First Court of Appeals' decision in *Judwin Properties, Inc. v. Griggs & Harrison,* 911 S.W.2d 498 (Tex.App.-Houston [1st Dist.] 1995, no writ). In that case, Griggs & Harrison filed suit against Judwin to recover attorney's fees. *See id.* at 500. Judwin filed a counterclaim alleging that the statement of services attached to Griggs & Harrison's petition contained confidential and privileged information regarding its representation of Judwin, but did not appear to allege a specific cause of action. *See id.* at 500. Griggs & Harrison moved for summary judgment against Judwin's claim on the ground that Judwin did not sustain any damages from the law firm's conduct, and further asserted it had conclusively negated each cause of action by showing that Judwin failed to demonstrate any connection between its actions and Judwin's damages. *See id.* at 501.

Prior to the trial court's ruling on the motion for summary judgment, Judwin filed an amended counterclaim specifically pleading claims for breach of contract, breach of implied warranty, breach of fiduciary duty, negligence, and gross negligence, each based on the identical set of acts alleged in the original counterclaim. *See id.* The trial court granted summary judgment in favor of Griggs & Harrison on

---

**5.** Cochran argues that *Sanders* and *R.R. Publication & Prod. Co.* are distinguishable from the case at bar because they involved movant's reply brief being filed within twenty-one days of the hearing. The tardiness in movant's filing of the reply brief, however, was not the dispositive issue, as the Fort Worth Court of Appeals explained:

> Although LISD "addressed" RR's takings claim in its reply brief, grounds for summary judgment must be "expressly presented in the motion for summary judgment itself." In determining whether grounds are expressly presented, reliance may not be placed on briefs.
>
> ⁜ ⁜ ⁜ ⁜ ⁜ ⁜
>
> Also, LISD filed its reply brief addressing RR's takings claim on the same day as the summary judgment hearing. In addition to the fact that *LISD's reply brief was not a motion expressly presenting grounds for*

> *summary judgment under McConnell,* Texas Rule of Civil Procedure 166a(c) requires movants to file and serve summary judgment motions and any supporting affidavits at least twenty-one days before the hearing except with leave of court and notice to opposing counsel. Even if LISD's reply brief was a summary judgment motion expressly presenting grounds entitling LISD to judgment as a matter of law on RR's taking's claim—*and it was not*—the record does not reflect that the trial court granted LISD leave to file a late motion or that LISD gave timely notice to RR.

*R.R. Publication & Prod. Co.,* 917 S.W.2d at 474 (citations omitted) (emphasis added); *see also Sanders,* 930 S.W.2d at 911 (concluding that "in the absence of the nonmovant's consent, a movant may not raise a new ground for summary judgment in a reply to the nonmovant's response.").

all causes of action alleged in Judwin's amended counterclaim. *See id.*

On appeal, Judwin asserted in his first point of error that it was entitled to reversal of the summary judgment because Griggs & Harrison had not amended its summary judgment motion to address each specific cause of action pleaded in the amended counterclaim. *See id.* at 502. Judwin asserted in its second point of error that reversal was proper because Griggs & Harrison had not negated the damages element of each of Judwin's causes of action as a matter of law. *See id.* at 503. Griggs & Harrison argued that it filed the motion for summary judgment on the legal causes of action that were alleged under the factual allegations in Judwin's counterclaim and which were ultimately clarified in the amended counterclaim. *See id.* at 502.

The First Court of Appeals overruled Judwin's first point of error by holding that the causes of action eventually specified in Judwin's amended counterclaim were contemplated by the movant's motion for summary judgment. *See id.* at 503. This holding, however, was not case dispositive because the summary judgment was reversed and remanded as to Judwin's

negligence and gross negligence claims, based on Judwin's second point of error which the court sustained. *See id.* at 508.

Regarding Judwin's second point of error, the court held that Griggs & Harrison's summary judgment proof was insufficient to negate as a matter of law the element of damages in Judwin's claims for negligence and gross negligence. *See id* at 507. Nevertheless, the court affirmed the summary judgment as to Judwin's claims for breach of contract, breach of implied warranty, and breach of fiduciary duty, by finding these claims to be a means to an end to assert legal malpractice, a ·tort subsumed under Judwin's claims for negligence and gross negligence. *See id.* at 506, 508. There is no language in the First Court of Appeals' opinion indicating that any portion of the order granting summary judgment was affirmed based on the inference that the motion for summary judgment contemplated causes of action set out in the amended counterclaim filed after the summary judgment motion.

*Judwin Properties, Inc.* is easily distinguishable from the case at hand.[6] In *Jud-*

---

6. Even if *Judwin Properties* were not distinguishable, we are not bound by that opinion. We are, however, bound by prior opinions issued by this court. In *Wright v. Gundersen,* Wright, a beneficiary under the will of her father, Karl Aden, filed suit against Gundersen, the attorney who drafted Aden's will. *See* 956 S.W.2d 43, 45 (Tex.App.—Houston [14th Dist.] 1996, no writ). Wright filed suit individually, and in her capacity as executrix of Aden's estate, against Gundersen for violations of the DTPA, breach of contract, and negligence. *See id.* Gundersen moved for summary judgment which the trial court granted. *See id.*

On appeal, this court held first that the nonmovant, Wright, failed to raise an issue regarding Gundersen's entitlement to summary judgment on Wright's DTPA claim. *See id.* at 46. Next, and most importantly for purposes of the case *sub judice,* this court addressed Wright's contention on appeal that Gundersen failed to address in his motion for summary judgment Wright's breach of contract and negligence claims she brought on

behalf of Aden's estate. *See id.* This court noted that, unlike the DTPA claim, Gundersen completely failed to address the claims Wright raised in her representative capacity, and addressed only the claims Wright asserted in her individual capacity. *See id.* at 47. Thus, following Texas Supreme Court opinions, as intermediate appellate courts must, this court held as follows regarding the claims Gendersen failed to address: "Because Gundersen moved for summary judgment on Wright's breach of contract and negligence claims in her individual capacity alone, the trial court erred in granting summary judgment as to those claims alleged by Wright in her representative capacity." *Id*

The holding in *Wright* correctly applies the law in Texas, as articulated by our Supreme Court, to facts virtually identical to the facts in the case before us today. Therefore, we apply the same analysis here, and reject any application of *Judwin Properties. See also De-Woody v. Rippley,* 951 S.W.2d 935, 942 (Tex. App.—Fort Worth 1997, pet dism'd by agr.) (disagreeing with *Judwin Properties* to the ex-

*win Properties, Inc.,* the nonmovant filed counterclaims in only one capacity. Here, appellant's live pleading, his second amended petition, specifically and expressly sets forth several causes of action that are clearly brought by appellant in his individual capacity and in his capacity as co-executor of the estates, which are separate and distinct plaintiffs.

Moreover, this court has expressly rejected Cochran's argument that by negating one element of a cause of action, he has negated the same element in those unaddressed causes of action. *See Rose,* 874 S.W.2d at 362. The law in Texas is well-established—a movant may not be granted summary judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *See Chessher,* 658 S.W.2d at 564; *Clear Creek Basin Auth.,* 589 S.W.2d at 677; *Granada Biosciences, Inc. v. Barrett,* 958 S.W.2d 215, 221 (Tex.App.-Amarillo 1997, writ denied); *Rose,* 874 S.W.2d at 362; *see also Mafrige,* 866 S.W.2d at 591. Moreover, it is also well established that it is reversible error to grant summary judgment on a cause of action not addressed in the motion. *See Mafrige,* 866 S.W.2d at 591. Here, Cochran failed to negate any elements of the estates' causes of action because he did not expressly set forth those causes of action in his motion for summary judgment. *See Rose,* 874 S.W.2d at 362.

■ Finally, Cochran claims appellant waived his right to complain on appeal that the motion for summary judgment did not address all of the claims in the second amended petition because appellant failed to specifically except to Cochran's motion seeking judgment on all claims. According to Cochran, the nonmovant in a summary judgment proceeding must specially except to the motion if he believes that the grounds are ambiguous or if all claims have not been specifically addressed in the motion, otherwise:

tent it embraces the notion that a trial court may grant relief on a cause of action not

[i]f the non-movant fails to except, he loses his right to have the grounds for summary judgment narrowly focused. This leaves the appellate court to determine the grounds it believes were expressly presented in the summary judgment.

*Judwin Properties, Inc.,* 911 S.W.2d at 503 (citing *McConnell,* 858 S.W.2d at 342). We disagree.

■ When the motion for summary judgment clearly presents certain grounds but not others, a nonmovant is not required to except. *See McConnell,* 858 S.W.2d at 342. Moreover, Rule 166a(c) provides that when the movant *unambiguously* presents specific grounds for summary judgment, the nonmovant is not required to specially except to the movant's failure to present certain other grounds in order to preserve such complaint on appeal. *See id.* A reading of Cochran's motion for summary judgment reflects that Cochran unambiguously addressed only those causes of action brought by appellant in his individual capacity, but did not address those appellant brought in his capacity as independent co-executor on behalf of his parents' estates, and did not address the new cause of action for negligent misrepresentation asserted in appellant's second amended petition. Therefore, it was not necessary for appellant to specially except to Cochran's motion for summary judgment in order to raise the issue on appeal. *See Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 673 (Tex. App.-Houston [1st Dist.] 1996, no writ). Cochran simply cannot, *ex post facto,* legitimize a summary judgment based on a motion that failed to address the co-executor's causes of action. Our mandate is clear—we cannot affirm a summary judgment on a ground not included in the motion for summary judgment. *See Stiles,* 867 S.W.2d at 26.

Therefore, we hold the trial court erred in granting summary judgment on appel-

expressly addressed in an applicant's motion for summary judgment).

lant's claims brought on behalf of the estates and the claim raised in appellant's second amended petition, which claims were not addressed in Cochran's motion for summary judgment. *See Wright*, 956 S.W.2d at 47. Accordingly, we sustain subparts (a) and (e) of appellant's point of error. Because the judgment granted more relief than requested, we will reverse and remand that portion of the trial court's judgment which granted relief not set out in the motion for summary judgment.[7] *See Mafrige*, 866 S.W.2d at 591. We now turn to appellant's individual claims which were addressed by Cochran in his summary judgment motion.

### IV. Appellant's Individual Claims

### A. Legal Malpractice

■ Appellant asserts the trial court erred in granting summary judgment on his claim for legal malpractice, negligence and gross negligence. The Texas Supreme Court has expressly rejected a cause of action by a beneficiary under a will or a trust against the testator's attorney for legal malpractice in the drafting of such testamentary documents. *See Barcelo v. Elliott*, 923 S.W.2d 575, 579 (Tex. 1996); *Wright*, 956 S.W.2d at 49. In prohibiting such a cause of action in Texas, the *Barcelo* court outlined the policy reasons for its decision:

> In sum, we are unable to craft a bright-line rule that allows a lawsuit to proceed where alleged malpractice causes a will or trust to fail in a manner that casts no real doubt on the testator's intentions, while prohibiting actions in other situations. We believe the greater good is served by preserving a bright-line privity rule which denies a cause of action to all beneficiaries whom the attorney did not represent. This will ensure that attorneys may in all cases zealously rep-

resent their clients without the threat of suit from third parties compromising that representation.

923 S.W.2d at 578–79.

Appellant argues that *Barcelo* may not be good law. He maintains that with the "ever changing landscape of Texas law," and because *Barcelo* was a five-to-three majority opinion, in which one justice did not participate, the Texas Supreme Court could change its decision with different facts or additional factors. Until that time, however, we are currently bound by the *Barcelo* decision. Hence, we overrule subpart (b) of appellant's point of error.

### B. Breach of Fiduciary Duty, Fraud, and Constructive Fraud

In his motion for summary judgment, Cochran argued appellant did not have standing, in his individual capacity, to bring claims for breach of fiduciary duty, fraud, and constructive fraud because no attorney-client relationship existed between him and appellant. Without such a relationship, Cochran could not have made any representations to appellant. Appellant concedes that Cochran's argument may have merit as to his individual claims. Because appellant has not presented any argument or authority that he had standing to maintain his individual claims for breach of fiduciary duty, fraud, and constructive fraud, he has not presented anything for appellate review. *See* Tex. R. App. P. 38.1. Therefore, we overrule subpart (c) of appellant's point of error.

### C. DTPA

Appellant contends the trial court erred in dismissing his DTPA claims. In his summary judgment motion, Cochran argued appellant was not a "consumer" for purposes of the DTPA because appellant

---

7. Both in the trial court and on appeal, Cochran argues appellant's affidavit in support of his response to Cochran's motion for summary judgment is not competent summary judgment proof. In light of our decision with respect to Cochran's failure to address certain causes of action, we need not decide whether appellant's affidavit constitutes competent summary judgment proof.

did not "seek or acquire" any "goods or services'" from Cochran.

▮ The DTPA provides: "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful...." TEX. BUS. & COM.CODE ANN. § 17.46(a) (Vernon 1987). To recover under the DTPA, the plaintiff must establish that (1) he was a consumer of the defendant's goods or services; (2) the defendant committed false, misleading, or deceptive acts in connection with the lease or sale of goods or services; and (3) such acts were a producing cause of actual damages to the plaintiff. *See Brown v. Bank of Galveston, N.A.*, 963 S.W.2d 511, 513 (Tex.1998). At the time appellant filed this lawsuit, legal services were "services" under the DTPA. *See De-Bakey v. Staggs*, 612 S.W.2d 924, 925 (Tex. 1981); *Wright*, 956 S.W.2d at 47.[8]

▮ A consumer is someone who seeks to purchase or lease goods or services. *See* TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 815 (Tex.1997). To qualify as a consumer, the plaintiff must satisfy two requirements: (1) he must have sought or acquired the goods or services by purchase or lease, and (2) the goods or services must form the basis of the complaint. *See Vinson & Elkins v. Moran*, 946 S.W.2d 381, 406–07 (Tex.App.-Houston [14th Dist.] 1997, writ dism'd by agr.); *Hand v. Dean Witter Reynolds, Inc.*, 889 S.W.2d 483, 496 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981)).

▮ The plaintiff, however, need not establish contractual privity with the defendant in a DTPA claim. *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex.1996). This includes a cause of action under the DTPA against an attor-

ney. *See Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 625 (Tex.App.-Houston [1st Dist.] 1993, writ denied). A party's consumer status does not turn on whether there is a contractual relationship with the defendant, but rather, it is determined by the parties' relationship to the transaction. *See Arthur Andersen & Co.*, 945 S.W.2d at 815. A plaintiff may be a consumer of the legal services he acquires, if a third party actually purchases the services for the plaintiff's benefit. *See Wright*, 956 S.W.2d at 47; *Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 268 (Tex.App.-Corpus Christi 1991, writ denied). Whether the plaintiff is a consumer is a question of law. *See Moran*, 946 S.W.2d at 406; *Hand*, 889 S.W.2d at 496.

Citing to this court's decision in *Vinson & Elkins v. Moran*, appellant argues a third-party may be a consumer under the DTPA when the goods or services are purchased for the benefit of a third-party. In *Moran*, the executors of an estate hired Vinson & Elkins to assist with the administration of the estate. 946 S.W.2d at 386. Later, the beneficiaries of the estate sued Vinson & Elkins for legal malpractice. With respect to their DTPA claim, the beneficiaries argued that although the executors of the estate hired Vinson & Elkins, the beneficiaries were "consumers" for purposes of the DTPA. *See id.* at 407. The *Moran* court observed the executor's purpose in hiring the law firm was for the orderly administration of the estate, which in turn, would extend to the beneficiaries in the form of a more orderly administration. *See id.* at 408.

Appellant's reliance on *Moran*, however, is misplaced. The court went on to conclude that while any benefit derived by the beneficiaries from the "purchase" of Vinson & Elkins's legal services "was merely incidental to the main purpose, i.e., legal

---

8. Effective September 1, 1995, the DTPA was amended to exempt from application of the act claims for damages based on the rendering of legal services. *See* TEX. BUS. & COM.CODE ANN. § 17.49 (Vernon Supp.1998). The 1995 amendment applies to claims upon which suit is filed on or after September 1, 1996. Guest filed this lawsuit on June 13, 1995, thus falling under the law in effect prior to the effective date of the amended statute.

assistance to the executors," the executors did not hire the law firm for the principal purpose of providing a benefit to the beneficiaries. *See id.* The court explained:

The mere fact that these third parties are benefitted, or damaged, by the attorney's performance does not make the third parties consumers with rights to an action under the DTPA. These third parties are "incidental beneficiaries," and we do not believe the legislature intended to confer consumer status on them. Beneficiaries of a will or trust are, in this respect, no different; they may incidentally benefit or be damaged by the attorney hired to represent the executor. This does not give them consumer status under the DTPA.

*Id.*

 We find the reasoning in *Moran* equally applicable to the facts at hand. Any benefit derived by the beneficiaries of a will from the estate work provided by an attorney is purely incidental. It is the testator, not the beneficiaries, who hires an attorney to draft the testamentary documents which will carry out his intent.

Furthermore, this court has addressed a situation in which the plaintiff, who was both a beneficiary and an executrix under a will, claimed consumer status under the DTPA. *See Wright,* 956 S.W.2d at 47–48. The court found that because the plaintiff's "relationship to the will was primarily one of beneficiary and executrix, her acquisition of legal services from [the defendant], if any, was gratuitous and incidental to the terms of the will or the durable power of attorney, and not because [the testator] intended to purchase legal services for [the plaintiff's] benefit." *Id.* at 48. The *Wright* court held that the plaintiff was not a consumer under the DTPA. *See id.* Here, also, appellant's relationship to the will was primarily that of beneficiary, and any acquisition of legal services from Cochran was gratuitous and incidental to the terms of his parents' wills. We conclude, therefore, that appellant was not a consumer under the DTPA and the trial court did not err in granting summary judgment on this claim. We, therefore, overrule subpart (d) of appellant's sole point of error.

## V. Conclusion

We sustain appellant's point of error and reverse the judgment of the trial court as to (a) appellant's claims brought in his representative capacity on behalf of the estates: legal malpractice, negligence, gross negligence, breach of fiduciary duty, fraud, constructive fraud, and DTPA violations; and (b) the claim for negligent misrepresentation raised in appellant's second amended petition. Those unaddressed claims are remanded to the trial court. We affirm the judgment of the trial court as to appellant's individual claims for legal malpractice, negligence, gross negligence, breach of fiduciary duty, fraud, and constructive fraud, and DTPA violations.