Reversed and Remanded and Memorandum Opinion filed August 1, 2006








Reversed
and Remanded and Memorandum Opinion filed August 1, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01220-CV

____________

 

DANIEL D=ARCY, M.D., Appellant

 

V.

 

JAMES F. MEAD, JR. and DIANE P.
MEAD, Individually, and As Next Friends of JAMES FRANKLIN MEAD, III, ROBERT
MEAD, and THOMAS MEAD, Minors, Appellees

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 04-23671

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Daniel D=Arcy, M.D., brings
this interlocutory appeal,[1]
complaining of the trial court=s denial of his motion to dismiss
appellees=, James F. Mead, Jr. and Diane P. Mead, Individually,
and As Next Friends of James Franklin Mead, III, Robert Mead, and Thomas Mead,
Minors (Athe Meads@), health care
liability claims against him for failing to serve timely their expert report. 
We reverse and remand.  

On November 23, 2003, the Meads filed an original petition
(Cause No. 2003-64427) alleging a negligence claim against D=Arcy and others
for failing to diagnose James Mead Jr.=s cancer (synovial
sarcoma) when he complained of, and sought treatment for, Apain in a mass in
his left leg.@  Under Section 74.351(a) of the Texas Civil Practice
and Remedies Code, the Meads were required to serve their expert report and
expert=s curriculum
vitae, Anot later than the
120th day after the date the claim was filed,@ on each party or
the party=s attorney.  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon
2005).  Thus, the Meads were required to serve their expert report and the
expert=s curriculum vitae
on March 23, 2004.  The Meads, however, did not serve their expert report until
March 24, 2004 (the 121st day), and the expert=s curriculum vitae
until March 25, 2004 (the 122nd day).  

On April 2, 2004, the Meads filed a motion to nonsuit their
claims against D=Arcy and the other defendants, which the
trial court granted on May 3, 2004.[2] 
Three days later, on May 6, 2004, the Meads file a new original petition (Cause
No. 2004-23671) alleging the same claims as those in the first lawsuit.  On
August 7, 2004, the Meads served their expert report and expert=s curriculum vitae
on D=Arcy in the second
lawsuit.  

Pursuant to section 74.351(b), D=Arcy moved to
dismiss the Meads= claims against him on the ground that
they did not timely serve their expert=s report and
curriculum vitae by the 120th day after filing their health care liability
claim against D=Arcy as required by Section 74.351(a) of
the Texas Civil Practice and Remedies Code and requested attorney fees and
costs.[3] 
On November 19, 2004, the trial court denied D=Arcy=s motion to
dismiss.  








In his first issue on appeal, D=Arcy contends the
trial court abused its discretion in denying his motion to dismiss because (1)
the 120-day deadline under section 74.351(a) started to run from the date the
Meads first filed their health care liability claim (the 2003 case), not the
date of the most recently filed suit (the 2004 case); (2) the legislature
intentionally removed all possible extensions for a plaintiff to file an expert
report; and (3) it improperly allowed the Meads to improve their position in
the lawsuit through the filing of a nonsuit and unfairly prejudiced his
rights.  

We review a trial court=s decision on a
motion to dismiss a case under section 74.351 under an abuse of discretion
standard.  Manor Care Health Servs., Inc. v. Ragan, 187 S.W.3d 556, 561
(Tex. App.CHouston [14th Dist.] 2006, pet. filed).  A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding principles.  Walker v. Gutierrez, 111 S.W.3d
56, 62 (Tex. 2003).  We may not substitute our judgment for that of the trial
court.  Id.  








The time line of relevant events is identical to that in
our prior opinion of Mokkala v. Mead, 178 S.W.3d 66 (Tex. App.CHouston [14th
Dist.] 2005, pet. filed).[4] 
D=Arcy was a
defendant along with Mokkala appellants, Sandhya-Rani Mokkala, M.D.,
Jeffrey D. Carter, D.O., and Arlington Orthopedic Associates, P.A.  D=Arcy, however, was
not part of the Mokkala appeal because, apparently, he was served with
the second lawsuit on August 21, 2004, some time after the other defendants had
been served.  The parties in the Mokkala appeal had filed their briefs
with this court before the trial court denied D=Arcy=s motion to
dismiss and he perfected this appeal.  The issue here is identical to the issue
decided in the Mokkala appeal:  Under these facts, does the 120-day
statutory period for filing the expert report run from the date the second
lawsuit is filed?  Id. at 70.[5] 


D=Arcy argues, as the Mokkala
appellants did, a Aclaim@ and a Asuit@ are not the
same.  D=Arcy asserts that
while the Meads have filed multiple Asuits,@ they only filed
one health care liability Aclaim,@ on November 23,
2003, for the failure to diagnose and treat cancer.  D=Arcy argues the
nonsuit and subsequent refiling did not reset the 120-deadline and proposes
that if we affirm the trial court=s ruling, it will
eviscerate the 120-day deadline and the plaintiff will be allowed to
continually nonsuit and refile a health care liability claim until such
refiling is barred by the statute of limitations.  

In Mokkala, we looked at the plain language of
section 74.351(a), which provides:  A>In a health care
liability claim, a claimant shall, not later than the 120th day after the date the
claim was filed, serve . . . one or more expert reports . . . for each
physician or health care provider against whom a liability claim is
asserted.=@  Id. at 71 (quoting Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a))
(emphasis in original).  We also considered the term Aclaim@ as defined by
statute as A>a health care liability claim.=@  Id.
(quoting Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(r)(2)).  We then observed that a Ahealth care
liability claim@ is a A>cause of action,=@ not a lawsuit.  Id.
(quoting Tex. Civ. Prac. & Rem. Code
Ann. ' 74.001(a)(13) (Vernon 2005)).  Thus, under the plain
language of section 74.351(a), the 120-day period is triggered on the date the
claimant files a petition alleging a particular health care liability claim,
not the date he files another lawsuit asserting the same claim.  Id. 








As in the Mokkala appeal, the Meads argue their
right to nonsuit under Rule 162[6]
is absolute in the absence of a claim for affirmative relief by the other
party.  They contend that to decide otherwise would eliminate the emergency
provision of Rule 162.  D=Arcy argues the Meads cannot use Rule 162
to trump or bypass the requirements of chapter 74 for filing an expert report
and curriculum vitae in effort to Afashion a
back-door extension.@  

Rejecting the Meads= contention in Mokkala,
we determined that nothing in section 74.351 interferes with a plaintiff=s right to take a
nonsuit.  Id. at 73.  The plaintiff arguably may not be in the Asame position@ as he was before
bringing the action in terms of the amount of time in which to serve the expert
report.  Id.  The plaintiff, however, controls the date for filing a
health care liability claim, thereby triggering the commencement of the 120-day
period for serving the expert report and, subject to statute of limitations,
the plaintiff can wait until he has obtained and, can serve, the expert report
before filing his claim.  Id.  Thus, our holding did not conflict with
the purpose of Rule 162.  Id.  Even if there were a conflict between
section 74.351(a) and Rule 162, the legislature has determine that 74.351
should prevail:  A>In the event of a
conflict between this chapter and another law, including a rule of procedure or
evidence or court rule, this chapter controls to the extent of possible
conflict.=@  Id. (quoting Tex. Civ. Prac. & Rem. Code Ann. ' 74.002(a) (Vernon
2005)). 

Thus, we held the 120-day period for serving the Meads= expert report
commenced from the date the Meads filed the first petition asserting their
health care liability claimCa period which had expired before the
Meads nonsuited their claims against the health care providers.  Id. at
68.  Because the Meads were not entitled to more than 120 days under the
statute, their expert report was served untimely, and, upon the health care
providers= motions, the trial court was required to enter an
order dismissing the Meads= claims against the health care providers
with prejudice to refiling the claim.  Id. at 76.  








Because this court has already decided this identical issue
on identical facts against the Meads in Mokkala,[7]
we, accordingly, hold the 120-day period for serving the expert report and the
expert=s curriculum vitae
commenced from the date the Meads originally filed their health care liability
claim against D=Arcy, i.e., November 23, 2003.  Thus, the 
the trial court abused its discretion in denying D=Arcy=s motion to
dismiss the Meads health care liability claims against him and his first issue
is sustained. 

We, therefore, reverse the order of the trial court and
remand with instructions to the trial court to award D=Arcy his
reasonable attorney fees and costs of court and to render judgment dismissing
with prejudice the Meads= claims against D=Arcy.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 1, 2006.

Panel consists of
Justices Hudson, Mirabal, and Amidei.[8]









[1]  Section 51.014(9) of the Texas Civil Practice and
Remedies Code provides for the interlocutory appeal of the trial court=s denial of the defendant physician=s motion to dismiss under Section 74. 351(b) of the
Texas Civil Practice and Remedies Code due to the plaintiff=s failure to timely serve his expert report.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(9) (Vernon Supp. 2005).  





[2]  On April 12, the Meads filed a first amended
original petition in the first lawsuit, even though they had already filed
their motion for a nonsuit.  D=Arcy states
that he was not served with the amended petition.





[3]  With respect to a defendant physician or health care
provider, if the expert report has not been served in the 120-day time period,
on the defendant physician=s or health
care provider=s motion, the court shall enter a order that:

 

(1) awards to the affected physician or health care
provider reasonable attorney fees and costs of court incurred by the physician
or health care provider; and 

(2) dismiss the claim with respect to the physician or
health care provider, with prejudice to the refiling of the claim.

 

Tex. Civ. Prac.
& Rem. Code Ann. ' 74.351(b).  





[4]  The original petition filed in the 2003 case, the
March 24, 2004 notice of filing of expert report, the Meads= motion for nonsuit filed on April 2, 2004, and the
first amended original petition filed in the 2003 case on April 7, 2004, are
not in the record for this appeal.  However, we take judicial notice of the
record in the Mokkala appealCappellate
cause nos. 14-04-00708-CV and 14-04-00845-CV.  We note the parties do not
dispute the dates on which the relevant events occurred, only the consequences
of those events.  





[5]  D=Arcy raised two additional issues
in this appeal which the Mokkala appellants did not raise.  In his
second and third issues, D=Arcy contends the trial court abused its discretion in denying his
motion to dismiss because it improperly allowed the Meads to utilize an expert
witness of a different specialty (oncology) without establishing the expert was
qualified to opine on the standard of care or breach thereof for a physician in
D=Arcy=s specialty (emergency medicine), and because the
expert report does not adequately establish the standard of care, how D=Arcy breached the standard of care,
or how any such breach proximately caused injury or damages to the Meads. 
However, because of our disposition of his first issue, we need not address
these issues.  





[6]  See Tex.
R. Civ. P. 162 (AAt any time before the plaintiff has introduced all of
his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or
take a non-suit, which shall be entered in the minutes.@).  





[7]  See Guest v. Cochran, 993 S.W.2d 397, 404 n.6
(Tex. App.CHouston [14th Dist.] 1999, pet. denied) (AWe are . . . bound by prior opinions issued by this
court.@).





[8]  Senior Justice Margaret Garner Mirabal and Former
Justice Maurice E. Amidei sitting by assignment.