**Opinion issued June 5, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00371-CV

———————————

## ZUPT, LLC, Appellant

## V.

## IPOZ SYSTEMS, LLC AND PORTER HEDGES LLP, Appellees

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2013-43011

## MEMORANDUM OPINION

Appellant, ZUPT, LLC, attempts to appeal from the trial court's May 10, 2014 order granting appellees' motion for summary judgment. We dismiss the appeal.

Appellant sued appellees, IPOZ Systems, LLC and Porter Hedges LLP, for breach of contract, negligence, declaratory judgment, and attorney's fees arising from a dispute regarding a settlement agreement. Appellees answered and pleaded for attorney's fees.

Subsequently, appellees filed a motion for summary judgment on all of appellant's claims asserting that appellees were entitled to summary judgment as a matter of law. Appellees' motion did not address appellees' claim for attorney's fees.

On March 10, 2014, the trial court granted appellees' motion for summary judgment and rendered judgment that appellant take nothing on its claims against appellees. The trial court's summary judgment order did not mention appellees' request for attorney's fees or contain language indicating that it was a final judgment. Appellant attempts to appeal this order.

Appellees' filed a motion to dismiss this appeal asserting that the March 10, 2014 summary judgment order is not a final and appealable judgment because it does not resolve appellees' claim for attorney's fees. We agree.

Generally speaking, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400

S.W.2d at 895. A summary judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. "If a judgment does not dispose of a defendant's claim for attorney[']s fees or otherwise appear on its face to be final, it is not a final judgment." *Mesa Operating Co. v. Ca. Union Ins. Co.*, No. 05-00-01585-CV, 2001 WL 1143316, at *1 (Tex. App.—Dallas Sept. 28, 2001, no pet.) (mem. op., not designated for publication) (citing *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001)).

Here, at the time of the trial court's March 10, 2014 summary judgment order, appellees' live answer included a request for attorney's fees. Appellees' motion for summary judgment did not request resolution of appellees' attorney's fees claim. The trial court's order did not dispose of that claim and does not "state[] with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93; *see also Mesa Operating*, 2001 WL 1143316, at *1–2 (finding lack of jurisdiction when "[a]t the time the trial court entered its summary judgment, [defendant's] live answer included a request for attorney[']s fees" that was not disposed of in trial court's judgment); *Harris Cnty. Appraisal Dist. v. Johnson*, 889 S.W.2d 531, 532–33 (Tex. App.—Houston [14th Dist.] 1994, no writ) (order on motion for summary judgment was interlocutory,

3

where neither motion nor order addressed claim for attorney's fees, because claim for attorney's fees had not been expressly presented to court).

Accordingly, we conclude that the Court has no jurisdiction over this attempted appeal.  We grant appellees' motion to dismiss and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.