**Reversed and Remanded and Memorandum Opinion filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00782-CV

---

### JIMMY VITELA, Appellant

### V.

### GALLERY MODEL HOMES, INC. D/B/A GALLERY FURNITURE, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1047233**

---

## MEMORANDUM OPINION

Appellant Jimmy Vitela sued Appellee Gallery Model Homes, Inc. d/b/a Gallery Furniture, alleging it failed to deliver the furniture he purchased in a timely manner and in proper condition. The trial court granted Gallery Furniture's traditional and no-evidence motions for summary judgment and Vitela timely appealed. For the reasons below, we reverse the trial court's summary judgment and remand for further proceedings.

BACKGROUND

## I.     Facts

Vitela ordered a leather sectional and ottoman from Gallery Furniture in June 2013.  Vitela claims that as he was making his purchase, a Gallery Furniture salesperson told him Gallery Furniture was "having a sale" on theater furniture and custom ordered items, wherein Gallery Furniture would "deliver within ten days or it was free."  Vitela states he "believed the salesman and agreed to the deal he presented."

Vitela's leather sectional was delivered to his home 14 days later.  Vitela claims the delivery did not include the ottoman he ordered and that the leather sectional was not large enough to accommodate the undelivered ottoman.  Vitela notified Gallery Furniture regarding his order's deficiencies.

United Leather USA subsequently arrived at Vitela's residence and removed the leather sectional's center section (which would be expanded to accommodate the ottoman).  Vitela asserts that after removing the center section, the leather sectional was left with "metal connection points attached" and that these points caused damage to his floor, his clothing, and his family members.

Vitela asserts both that the ottoman was never delivered and that the leather sectional's center section was originally delivered and then removed.  Vitela states his attorney sent "a demand letter to get the furniture or [to] get [his] money back."  Although he has paid for the furniture, Vitela claims Gallery Furniture refuses both to deliver the remainder of his order and to refund his money.

## II.     Legal Proceedings

Vitela sued Gallery Furniture and asserted claims for breach of contract, deceptive advertising, negligence, conversion, unjust enrichment, and money had

and received. Gallery Furniture filed traditional and no-evidence motions for summary judgment and sought judgment as a matter of law against all of Vitela's claims. Gallery Furniture attached to its motion an affidavit from its director of operations and five exhibits. Vitela filed a response thereto supported by affidavits from him and his wife, Lily Vitela.[1] Vitela's response also asserted objections to Gallery Furniture's summary judgment evidence.

The trial court signed an order on July 12, 2017 (1) granting Gallery Furniture's traditional motion for summary judgment and no-evidence motion for summary judgment, (2) failing to reference or rule upon Vitela's evidentiary objections, and (3) stating that it "is a Final Judgment disposing of ALL issues and ALL parties."

Vitela filed a motion for new trial and, while his motion was pending, filed a separate request asking the trial court to rule on his evidentiary objections. The trial court ultimately signed an order overruling Vitela's evidentiary objections.

Vitela timely appealed the trial court's final judgment.

## ANALYSIS

Vitela asserts three issues on appeal: (1) the trial court's summary judgment against his claims; (2) the trial court's rulings on his evidentiary objections; and (3) the scope of relief granted by the trial court. We sustain Vitela's first issue and therefore need not address his second and third issues.

## I.    Summary Judgment

Where, as here, the trial court's summary judgment does not state the grounds for its ruling, we affirm the judgment if any of the grounds advanced is meritorious.

---

[1] Because she shares the same last name as her husband, we refer to Lily Vitela by her first name to avoid confusion.

*Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *see also Muller v. Stewart Title Guaranty Co.*, 525 S.W.3d 859, 868 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We review a summary judgment *de novo*. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When reviewing a hybrid traditional and no-evidence summary judgment motion, we generally address no-evidence grounds first, but need not do so if we conclude the ruling must be affirmed on traditional grounds. *Muller*, 525 S.W.3d at 868 (citing *McCoy v. FemPartners, Inc.*, 484 S.W.3d 201, 205 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In a no-evidence motion for summary judgment, the movant must specifically state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i); *see also Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470, 473-74 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The trial court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). The nonmovant is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (internal quotation omitted). A fact issue exists if the nonmovant brings forth evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

For a traditional summary judgment motion, the movant must demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409

S.W.3d 221, 229 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). If the movant makes this showing, the burden shifts to the nonmovant to produce evidence sufficient to raise an issue of fact. *Id.*

For reasons that follow, we conclude, under these circumstances, the existence of a factual issue is readily apparent, thereby rendering summary judgment inappropriate as a matter of well-settled law.

### A. Breach of Contract

The elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

In his original petition, Vitela specifically alleged Gallery Furniture "fail[ed] to deliver [Vitela's] complete furniture set within ten days" and "fail[ed] to deliver the furniture that [Vitela] has paid for nearly one year after [Vitela] fulfilled his duty of payment."

Gallery Furniture asserted in its summary judgment motion that Vitela refused to accept delivery of the furniture. Responding to this claim, Vitela introduced evidence tending to prove Gallery Furniture has not attempted to deliver the ottoman and the leather sectional's center section.

Vitela's evidence therefore raised an issue of fact on the challenged element of his contract claim, *i.e.,* Gallery Furniture's alleged failure to deliver the remainder of Vitela's furniture purchase. The trial court therefore erred in granting summary judgment on Vitela's breach of contract claim.

5

## B. Deceptive Advertising

To recover under the Deceptive Trade Practices Act [the "DTPA"], Vitela must establish that (1) he was a consumer of the defendant's goods or services; (2) the defendant committed false, misleading, or deceptive acts in connection with the lease or sale of goods or services; and (3) such acts were a producing cause of actual damages to him. Tex. Bus. & Com. Code Ann. § 17.46 (Vernon Supp. 2018); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) and *Guest v. Cochran*, 993 S.W.2d 397, 407 (Tex. App.—Houston [14th Dist.] 1999, no pet.). In his original petition, Vitela pleaded Gallery Furniture (1) advertised that "custom home theatre seating would be in the customer's home within ten days or it would be free;" (2) assured him that "a complete product in the condition warranted would be promptly and properly delivered;" and (3) had a "duty to deliver goods in proper condition and in a timely manner."

The parties' evidence conflicts regarding what type of furniture Vitela ordered: Gallery Furniture describes the purchased furniture as a "custom leather sectional" whereas Vitela claims he purchased "home theater seating." This description, Vitela contends, is relevant to Gallery Furniture's alleged misrepresentation regarding the 10-day delivery guarantee. Gallery Furniture asserted Vitela "produced no evidence of the advertisement nor any evidence that [Vitela] purchased custom home theatre seating." In his summary judgment response, Vitela argued he did not get the "theater seating" he "bargained for." Vitela's and Lily's affidavits state Gallery Furniture has not attempted to deliver the remainder of Vitela's furniture purchase.

An actionable misrepresentation under the DTPA includes "advertising goods or services with intent not to sell them as advertised." Tex. Bus. & Com. Code Ann. § 17.46(b)(9). A consumer also may recover for "represent[ations] that goods or

6

services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[.]" *Id.* at (b)(7); *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 305 (Tex. 2006) (representation that purchaser would get one model of car when she was going to get another was actionable under the DTPA). Both oral and written representations may support a DTPA claim. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 502 (Tex. 2001).

Taking as true the evidence favorable to Vitela and indulging reasonable inferences and doubts in his favor, this evidence raises an issue of fact with respect to Vitela's allegations, *i.e.,* that Gallery Furniture misrepresented that a complete custom home theatre seating arrangement would be promptly and properly delivered. Therefore, the trial court erred when it granted Gallery Furniture's hybrid motion for summary judgment.

## C. Negligence

A plaintiff asserting a negligence claim must establish the existence of a duty, a breach of that duty, and damages proximately caused by that breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

In his original petition, Vitela asserted Gallery Furniture owed him a duty to "properly deliver furniture that is safe for use in his home" and alleged Gallery Furniture breached this duty by "deliver[ing] incomplete furniture and then t[aking] a piece of that incomplete furniture leaving metal pieces protruding." Gallery Furniture's summary judgment motion summarily asserted Vitela could not produce any evidence demonstrating negligence.

Vitela's summary judgment response included sworn statements that the center section of the leather sectional was removed and that the sectional's remaining portion was left with protruding metal parts. Vitela and Lily both swore that the

7

protruding metal parts damaged clothing, damaged their home's floor, and scratched their children. This evidence raises an issue of fact on Vitela's negligence claim, specifically, whether Gallery Furniture breached its duty to Vitela by "deliver[ing] incomplete furniture" and "leaving metal pieces protruding" which caused harm. This evidence, viewed in the light most favorable to Vitela, forecloses summary judgment against Vitela's negligence claim.

## D. Conversion

To recover for conversion, a plaintiff must show (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused plaintiff's demand for a return of the property. *Robin Singh Educ. Servs., Inc. v. Test Masters Educ. Servs., Inc.*, 401 S.W.3d 95, 97 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Gallery Furniture argued Vitela "refused and still refuses to accept the furniture" and that Vitela could not produce any evidence showing it exercised dominion and control over the sectional in an unlawful and unauthorized manner. In response, Vitela introduced evidence tending to show he paid for (*inter alia*) an ottoman and a complete leather sectional he did not receive.

Viewing the evidence in the light most favorable to Vitela, the evidence is sufficient to raise an issue of fact regarding whether Gallery Furniture exercised dominion and control over the sectional in an unlawful and unauthorized manner. The trial court erred by granting a no-evidence summary judgment on Vitela's conversion claim.

8

### E. Unjust Enrichment

A party may recover for unjust enrichment when "one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

Gallery Furniture's summary judgment motion summarily asserted Vitela produced no evidence that it has "obtained a benefit from not delivering [Vitela's] custom leather sectional within ten (10) days of his order." This argument, however, fails to address the broader scope of Vitela's unjust enrichment claim, namely, that Gallery Furniture failed to deliver Vitela's complete furniture purchase (including the ottoman and leather sectional's center section). It does not require a juridical leap to conclude that those who are paid for goods they do not deliver obtain a benefit from their alleged malfeasance (*e.g.,* the ability to purportedly "sell" said goods to third parties).

Simply stated, Vitela alleged (and introduced evidence tending to prove) that he "paid for the furniture" but did "not have the furniture he paid for." This evidence raises an issue of fact on the challenged element and forecloses a no-evidence summary judgment.

### F. Money Had and Received

"A cause of action for money had and received arises when the defendant obtains money which in equity and good conscience belongs to the plaintiff." *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A claim for money had and received is not based on wrongdoing but instead looks to the justice of the case and asks whether the defendant has received money which rightfully belongs to another. *Id.*

Gallery Furniture's traditional motion for summary judgment argued Vitela's

9

claim failed as a matter of law because evidence proved "Vitela's furniture [was] ready to be delivered, but Vitela refuse[d] to accept the furniture."

This statement is contradicted, however, by Vitela's summary judgment evidence. Specifically, his and Lily's affidavits state Gallery Furniture has not attempted to deliver the furniture. Vitela's affidavit further states his attorney sent a demand letter to get the furniture back or his payment refunded and that both demands were refused. Viewing this evidence in the light most favorable to Vitela and resolving all inferences and doubts in his favor, Vitela raised an issue of fact with respect to the challenged claim, thereby foreclosing the possibility of permissible summary judgment.

Because we sustain Vitela's challenges to the trial court's summary judgment, we need not address the issues relating to the trial court's evidentiary rulings or the scope of relief granted. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We reverse the trial court's July 12, 2017 final judgment and remand the case for further proceedings consistent with this opinion.

/s/ Meagan Hassan
Justice

Panel consists of Justices Christopher, Jewell, and Hassan.

10